IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT DIABETES CARE, INC., ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DEXCOM, INC., ) <br> ) <br> ) <br> Defendant. ) | C.A. No. 05-590-GMS |

**REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF DEXCOM, INC.'S MOTION TO DISMISS
THE COMPLAINT OF ABBOTT DIABETES CARE, INC.**

ASHBY & GEDDES
Steven J. Balick (I.D. #2114)
John G. Day (I.D.# 2403)
222 Delaware Ave., 17th Floor
P.O. Box 1150
Wilmington, DE  19899
Telephone:  (302) 654-1888
Facsimile:  (302) 654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Defendant
DEXCOM, INC.*

*Of Counsel:*

David C. Doyle
M. Andrew Woodmansee
MORRISON & FOERSTER LLP
3811 Valley Centre Drive, Suite 500
San Diego, CA 92130-2332
(858) 720-5100

Dated: August 31, 2005
160962.1

Defendant DexCom, Inc. ("DexCom") respectfully submits this request for judicial notice in support of its motion to dismiss the complaint. DexCom asks the Court to take judicial notice of the following:

**Exhibit A:** A true and correct copy of Abbott Laboratories, Inc.'s 2004 Annual Report, available on Abbott's worldwide web site at www.abbottinvestor.com.

**Exhibit B:** DexCom's Form 424B4 (Prospectus), filed with the Securities and Exchange Commission ("SEC") on April 14, 2005. This document is available on the web site of the SEC, through the SEC's "EDGAR" service, as well as through the web site of DexCom (www.Dexcom.com).

**Exhibit C:** DexCom's Form 10-Q (Quarterly Report) filed with the SEC on August 2, 2005. This document is available on the web site of the SEC, through the SEC's "EDGAR" service, as well as through the web site of DexCom (www.Dexcom.com).

**Exhibit D:** Abbott Laboratories, Inc.'s Form 10-Q filed with the SEC on August 3, 2005. This document is available on the web site of the SEC, through the SEC's "EDGAR" service, as well as through the web site of Abbott (www.abbottinvestor.com).

**Exhibit E:** TheraSense, Inc.'s Form 10-K Filed March 12, 2004. This document is available on the web site of the SEC, through the SEC's "EDGAR" service.

**Exhibit F:** Printouts from the web site of the American Diabetes Association "ADA", listing Abbott Diabetes Care, Inc. as an exhibitor at the June 2005 ADA conference in San Diego. This material is available on the ADA's web site, www.scientificsessions.diabetes.org.

**Exhibit G:** Printouts from the web site of the American Association of Diabetes Educators ("AADE") attendees at the August 2005 annual conference held in Washington, D.C., listing Abbott Diabetes Care, Inc. as an exhibitor. This material is available through the AADE's web site, www.diabeteseducator.org.

**Exhibit H:** Memorandum #D96-1 from the Food and Drug Administration's Office of Device Evaluation, entitled "Continued Access to Investigational Devices During PMA Preparation and Review" dated July 15, 1996 and revised on November 18, 1996. The document is available on the FDA's web site, www.fda.gov.

**Exhibit I:** Guidance for Industry and FDA Staff from the Food and Drug Administration's Center for Devices and Radiological Health's Office of Compliance, entitled "Preparing Notices of Availability of Investigational Medical Devices and for Recruiting Study Subjects," dated March 19, 1999. The document is available on the FDA's web site, www.fda.gov.

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Fed. R. Evid. 201, this Court may take judicial notice of any facts "not subject to reasonable dispute in that [they are] (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."

Judicial notice of the facts contained in Exhibit A is appropriate, as the document is the publication of Abbott Laboratories, Inc., to its investors. Abbott Laboratories is the parent of Abbott Diabetes Care, Inc., the plaintiff in this action. Unless Abbott has not been forthright with the SEC or its investors, the annual report of Abbott to its investors contains facts "not subject to reasonable dispute" and "capable of accurate and ready determination by resort to" Abbott's own web site. *See* Fed. R. Evid. 201.

Likewise, judicial notice of the contents of Exhibits B through E, and H through I, is appropriate. When deciding a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure, the Court may look to matters of public record without converting the motion to dismiss into a motion for summary judgment. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3rd Cir. 1993). Courts have defined "public record" to include published reports of agencies and administrative bodies. *See id.* at 1197. That the report is "published" on the web site of

a government agency does not affect the Court's ability to take judicial notice of such a report or its contents. *See, e.g., In re Wellbutrin SR/Zyban Antitrust Litig.*, 281 F. Supp. 2d 751, 755 n.2 (E.D. Pa. 2003) (taking judicial notice of FDA documents available on the FDA's web site). The Court therefore may properly take judicial notice of Exhibits H and I, which are reports published by the FDA on the FDA's web site, pursuant to Fed. R. Evid. 201. Likewise, the Court may take judicial notice of the parties' filings with the SEC (Exhibits B through E), as well as the contents of those filings. *Sheehan v. Little Switz.*, 136 F. Supp. 2d 301, 306 n.5 (D. Del. 2001) (Robinson, C.J.); *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1331 (3rd Cir. 2002) (district court properly took judicial notice of parties' filings with the SEC and the statements made therein).

Finally, Exhibits F and G, the printouts from the American Diabetes Association's and American Association of Diabetes Educators' web sites, is properly the subject of judicial notice under Rule 201 of the Federal Rules of Evidence. *See Richards v. Cable News Network, Inc.*, 15 F. Supp. 2d 683, 691 (E.D. Pa. 1998) (taking judicial notice of numerous web sites); *Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965 (C.D. Cal. 2005) (taking judicial notice of web pages from Amazon.com and American Academy of Allergy Asthma and Immunology, as well as reports of administrative agencies).

## CONCLUSION

For the foregoing reasons, DexCom respectfully request that the Court take judicial notice of the facts set forth above pursuant to Fed. R. Evid. 201.

        ASHBY & GEDDES

        /s/ *Steven J. Balick*

        _____
        Steven J. Balick (I.D. #2114)
        John G. Day (I.D.# 2403)
        222 Delaware Ave., 17th Floor
        P.O. Box 1150
        Wilmington, DE 19899
        Telephone: (302) 654-1888
        Facsimile: (302) 654-2067
        sbalick@ashby-geddes.com
        jday@ashby-geddes.com

        *Attorneys for Defendant*
        *DEXCOM, INC.*

*Of Counsel:*

David C. Doyle
M. Andrew Woodmansee
MORRISON & FOERSTER LLP
3811 Valley Centre Drive, Suite 500
San Diego, CA 92130-2332
(858) 720-5100

Dated: August 31, 2005
160962.1

**CERTIFICATE OF SERVICE**

I hereby certify that on the 31st day of August, 2005, the attached **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEXCOM, INC.'S MOTION TO DISMISS THE COMPLAINT OF ABBOTT DIABETES CARE, INC.** was served upon the below-named counsel of record at the address and in the manner indicated:

Mary B. Graham, Esquire                              HAND DELIVERY
Morris, Nichols, Arsht & Tunnell
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899

James F. Hurst, Esquire                              VIA FEDERAL EXPRESS
Winston & Strawn LLP
35 West Wacker Drive
Chicago, IL  60601


                                          */s/ Steven J. Balick*
                                          _____
                                          Steven J. Balick

160974.1