# EXHIBIT A

**MORRISON | FOERSTER**

3811 VALLEY CENTRE DRIVE
SUITE 500
SAN DIEGO
CALIFORNIA 92130-2332

TELEPHONE: 858.720.5100
FACSIMILE: 858.720.5125

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

September 2, 2005

Writer's Direct Contact
858/720-5139
DDoyle@mofo.com

**By Telefacsimile (312) 558-5700**

James F. Hurst, Esq.
Winston & Strawn
35 West Wacker Drive
Chicago, Illinois 60601-9703

Re: **Abbott Diabetes Care, Inc. v. DexCom, Inc., C.A. No. 05-590 (D. Del.)**

Dear James:

I write in response to your letter dated September 1, 2005. We disagree with your position that discovery from DexCom is warranted or necessary in light of DexCom's Rule 12(b)(1) motion to dismiss. In deciding whether the "actual case or controversy" requirement of Article III has been met, or whether in its discretion it should exercise jurisdiction here, the Court must determine whether Abbott's anticipated dispute with DexCom has sufficient immediacy or reality *See, e.g., Telectronics Pacing Sys., Inc. v. Ventritex, Inc.*, 982 F.2d 1520, 1527 (Fed. Cir. 1992). The discovery Abbott requests (*e.g.*, DexCom's "internal assessments" or "internal estimates" on the likelihood or timing of FDA approval) is irrelevant to whether and when the FDA might act on DexCom's PMA application. All DexCom relevant information regarding communication with the FDA is publicly available.

Sincerely,

*David C. Doyle*

David C. Doyle

cc: Mary B. Graham, Esq.
    Steven J. Balick, Esq.

sd-278502