# EXHIBIT B

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| 43 RUE DU RHONE<br>1204 GENEVA, SWITZERLAND<br><br>BUCKLERSBURY HOUSE<br>3 QUEEN VICTORIA STREET<br>LONDON, EC4N 8NH<br><br>333 SOUTH GRAND AVENUE<br>LOS ANGELES, CALIFORNIA 90071-1543 | 35 WEST WACKER DRIVE<br>CHICAGO, ILLINOIS 60601-9703<br><br>(312) 558-5600<br><br>FACSIMILE (312) 558-5700<br><br>www.winston.com | 200 PARK AVENUE<br>NEW YORK, NEW YORK 10166-4193<br><br>21 AVENUE VICTOR HUGO<br>75116 PARIS, FRANCE<br><br>101 CALIFORNIA STREET<br>SAN FRANCISCO, CALIFORNIA 94111-5894<br><br>1700 K STREET, N.W.<br>WASHINGTON, D.C. 20006-3817 |

JAMES F. HURST
(312) 558-5230
jhurst@winston.com

September 1, 2005

**BY FACSIMILE AND FEDERAL EXPRESS**

David C. Doyle, Esq.
Morrison Foerster LLP
3811 Valley Centre Drive
Suite 500
San Diego, CA 92130-2332

　　　　　　　Re:　　Abbott Diabetes Care, Inc. v. DexCom, Inc.

Dear David:

　　　　I write regarding the portion of DexCom's motion seeking to dismiss Abbott Diabetes Care's declaratory judgment claim on jurisdictional grounds under Rule 12(b)(1). Your motion attaches multiple documents, makes many factual allegations, and relies on a witness' testimony in the form of an affidavit. In doing so, you have raised factual issues concerning the Court's jurisdiction. Abbott requires discovery on those issues. *See, e.g., Canavan v. Beneficial Finance Corp.*, 553 F.2d 860, 865 (3d Cir. 1977) (reversing dismissal on jurisdictional grounds based on a refusal to allow discovery because, "[o]rdinarily, when a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion."); *Valentin v. Hospital Bella Vista*, 254 F.3d 358, 364 (1st Cir. 2001) (noting that when a party files a Rule 12(b)(1) motion, courts have "broad authority to order discovery, consider extrinsic evidence, and hold evidentiary hearings in order to determine its own jurisdiction").

　　　　Specifically, we would like discovery on the issues your Rule 12(b)(1) motion places into dispute, including documents relating to:

　　　　(1) DexCom's internal assessments on the likelihood that it will get FDA approval (See allegations on pages 9 and 12 of your brief);

　　　　(2) DexCom's internal estimates about the projected date of approval of its product and any plans and preparations for making, marketing, and/or selling its product within that projected time schedule (See allegations on pages 8 and 12 of your brief);

WINSTON & STRAWN LLP

David C. Doyle, Esq.
September 1, 2005
Page 2

   (3) DexCom's communications with the FDA since July 1, 2005, including any response, assessment, and/or internal analysis of that communication (See allegations on page 8 of your brief);

   (4) DexCom's internal assessments on the likelihood that, under any circumstances, it will alter its product before getting FDA approval and, if so, in what manner (See allegations on pages 8 and 12);

   After completion of your document production, we would like to depose a Rule 30(b)(6) witness on the same four topics as well as your affiant, Mr. Andrew Balo. We have just begun to review your papers and, thus, may conclude that we need additional documents and/or depositions. But, at least for now, we expect that this may be sufficient.

   Our requested discovery will require an adjustment to the briefing schedule on your motion to dismiss. An appropriate schedule depends, of course, on how quickly DexCom can provide the requested discovery. I will call you tomorrow to discuss these matters. We particularly would like to know, tomorrow if possible, if DexCom intends to oppose either our requested discovery and/or adjusting the briefing schedule to complete that discovery.

            Sincerely,

            James F. Hurst

JFH/sue