IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT DIABETES CARE, INC., a Delaware corporation, <br><br>            Plaintiff, <br><br>     v. <br><br> DEXCOM, INC., a Delaware corporation, <br><br>            Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) C. A. No. 05-590 (GMS) <br> ) <br> ) <br> ) <br> ) <br> ) |

**ABBOTT'S MOTION FOR EXTENSION OF THE BRIEFING
SCHEDULE ON DEXCOM'S MOTION TO DISMISS PENDING RESOLUTION OF
<u>ABBOTT'S MOTION FOR LIMITED JURISDICTIONAL DISCOVERY</u>**

This motion seeks an extension of the briefing schedule on DexCom, Inc.'s motion to dismiss pending resolution of the fully briefed motion of Abbott Diabetes Care, Inc. for jurisdictional discovery relevant to the motion to dismiss.

Abbott filed its patent infringement complaint against DexCom on August 9, 2005. Abbott's complaint seeks a declaratory judgment that sales of DexCom's soon-to-be approved glucose monitoring system for people with diabetes will infringe Abbott's patents and that DexCom already infringed Abbott's patents by making that device for the purpose of showcasing its product at trade shows. On August 31, 2005, in lieu of answering the complaint, DexCom moved to dismiss the complaint as premature and on the grounds that its actions in displaying the device were exempt under 35 U.S.C. 271(e)(1) (D.I. 5, 6).

On September 6, Abbott filed a motion for jurisdictional discovery and for an extension of the briefing schedule on the motion to dismiss while that limited discovery, if granted, would take place (D.I. 9). Briefing on Abbott's motion for discovery was completed this past Friday, September 16 and it is ready for resolution.

In connection with its request for discovery and in further discussions with DexCom about the proceedings, Abbott requested that DexCom agree to extend the briefing schedule pending resolution of Abbot's motion for discovery as follows: (1) if Abbott's discovery motion were granted, then the briefing on the motion to dismiss would be set in accordance with the schedule requested in the discovery motion; or (2) if the motion for discovery were denied, Abbott would file its answering brief on the motion to dismiss within a fixed time thereafter. While DexCom was willing to agree to a one-week courtesy extension to accommodate scheduling concerns of counsel, it was not willing to agree to an extension of Abbott's answering brief pending resolution of Abbott's motion for discovery. (That one week courtesy extension to this Thursday, September 22, was approved by the Court (D.I. 11).)

Abbott will of course be prepared to file its answering brief on the motion to dismiss this Thursday, September 22. Abbott submits, however, that it would best serve the interests of efficiency and economy to extend the briefing schedule on the motion to dismiss pending resolution of its motion for discovery. That way, if the Court were to grant Abbott's motion for discovery, then in a single answering brief, Abbott would be able to respond to DexCom's arguments with the benefit of the discovery and it would not have to file two answering briefs (and DexCom would not have to file two reply briefs). On the other hand, if the Court were to deny Abbott's motion for discovery, the briefing on the motion to dismiss could be completed promptly thereafter (for example, as Abbott requests in the attached order, within ten days after the order for Abbott's answering brief and five days thereafter for DexCom's reply in accordance with the usual local rule schedule).

Abbott submits that this short delay (if the Court were to deny discovery), would not be unduly prejudicial to DexCom. Indeed, it is DexCom's position for its jurisdictional

argument under Rule 12(b)(1) that Count I is "premature" because allegedly DexCom's STS system "may never be approved" by the FDA or "may not be approved in its current form."[1] DexCom's Op. Br. at 1. Thus, DexCom cannot suggest that the additional time itself would cause it any commercial detriment.

Abbott respectfully requests an adjournment of the briefing schedule pending resolution of its motion for jurisdictional discovery as follows: (1) if Abbott's motion for discovery is granted, the briefing schedule on DexCom's motion to dismiss will be as set in that order; or (2) if Abbott's motion is denied, Abbott's answering brief will be due within ten days after the order, and DexCom's reply brief within five days thereafter. A proposed form of order is attached (Exhibit A).

---

[1] Abbott has asked for discovery because in support of those allegations, DexCom relies on an affidavit from an employee (D.I. 8) and nine voluminous exhibits, which total over 400 pages (D.I. 7). DexCom's brief and affidavit also contain many factual allegations, including allegations relating to recent communications with the FDA, which DexCom did not describe in any detail. (DexCom's Op. Brief at 12). DexCom's position in opposing discovery is contrary to law. "Ordinarily, when a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion." *Canavan v. Beneficial Finance Corp.*, 553 F.2d 860, 865 (3d Cir. 1977) (reversing dismissal on jurisdiction grounds due to the lack of discovery on the issue).

                                                    MORRIS, NICHOLS, ARSHT & TUNNELL

                                                    */s/ Mary B. Graham*

                                                    Mary B. Graham (#2256)
                                                    James W. Parrett, Jr. (#4292)
                                                    1201 North Market Street
                                                    P.O. Box 1347
                                                    Wilmington, DE 19899
                                                    (302) 658-9200

                                                     *Attorneys for Plaintiff*
                                                     *Abbott Diabetes Care, Inc.*

OF COUNSEL:

James F. Hurst
Stephanie S. McCallum
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, Illinois 60601
Tele: (312) 558-5600
Fax: (312) 558-5700

Dated:  September 19, 2005

483626

## **RULE 7.1.1. CERTIFICATION**

Counsel has sought DexCom's agreement that Abbott need not file its answering brief on DexCom's motion to dismiss pending resolution of Abbott's motion seeking jurisdictional discovery, and DexCom has not agreed.

Dated: September 19, 2005        */s/ Mary B. Graham*
                                                                 Mary B. Graham (#2256)

481896

## CERTIFICATE OF SERVICE

I hereby certify that on September 19, 2005, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

>  Steven J. Balick
>  ASHBY & GEDDES
>  222 Delaware Avenue
>  P.O. Box 1150
>  Wilmington, DE  19899

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on September 19, 2005 upon the following individuals in the manner indicated:

| BY HAND | BY FACSIMILE |
|---|---|
| Steven J. Balick<br>ASHBY & GEDDES<br>222 Delaware Avenue<br>P.O. Box 1150<br>Wilmington, DE  19899 | David C. Doyle<br>MORRISON & FOERSTER LLP<br>3811 Valley Centre Drive<br>Suite 500<br>San Diego, CA  92130-2332 |

*/s/ Mary B. Graham*

Mary B. Graham (#2256)