IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ABBOTT DIABETES CARE, INC., a Delaware corporation | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 05-590-GMS |
| DEXCOM, INC., a Delaware corporation, | ) ) ) | |
| Defendant. | ) ) ) | |

**PLAINTIFF ABBOTT DIABETES CARE, INC.'S FIRST NOTICE
FOR DEPOSITION OF DEXCOM, INC. PURSUANT TO RULE 30(b)(6)**

To:　　　Steven J. Balick
　　　　 ASHBY & GEDDES
　　　　 222 Delaware Avenue
　　　　 P.O. Box 1150
　　　　 Wilmington, DE 19899

　　　　 David C. Doyle
　　　　 MORRISON & FOERSTER
　　　　 12531 High Bluff Drive, Suite 100
　　　　 San Diego, CA 92130

　　　　 Counsel for DexCom, Inc.

　　　　 PLEASE TAKE NOTICE that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiff Abbott Diabetes Care, Inc. will take the deposition of DexCom, Inc. on the topics set forth in the attached Schedule A. The deposition will start at 9:30 a.m. on February 21, 2006 and will take place at the W Hotel at 421 West B Street, San Diego, California 92101, or at such other time and place as may be agreed to among counsel.

PLEASE TAKE FURTHER NOTICE that pursuant to Rule 30(b)(6), DexCom is requested to designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf with respect to each of the topics set forth in the attached Schedule A.  In addition, DexCom is requested to provide the Abbott's counsel with written notice, at least one week in advance of the deposition, of the name and employment position of each designee who consents to testify on behalf of DexCom, and the subject matter topics set forth in Schedule A as to which each designee has agreed to testify.

The deposition will be taken before a notary public or other officer authorized to administer the oath under law, and will continue day to day until completed with adjournments as to time and place that may be necessary.  The deposition will be recorded by stenographic means and may be recorded by videographic means.

You are invited to attend.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ James W. Parrett, Jr.*
_____
Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
mbgefiling@mnat.com
jparrett@mnat.com
*Attorneys for Plaintiff, Abbott Diabetes Care, Inc.*

OF COUNSEL:

James F. Hurst
Stephanie S. McCallum
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL  60601
(312) 558-5600

February 2, 2006
504916

**SCHEDULE A**

**INSTRUCTIONS AND DEFINITIONS**

1. These deposition topics seek information current as of the date of service and to the full extent permitted under the Federal Rules of Civil Procedure.

2. Provide responsive testimony for each deposition topic in full. If you cannot do so, provide testimony to the extent possible, explaining why you cannot provide complete testimony and providing testimony for any knowledge, information or belief you have concerning the unanswered portion of the Deposition Topic. If you perceive a Deposition Topic (or portion thereof) to be inapplicable, then indicate as much rather than failing to provide testimony on the deposition topic (or portion thereof).

3. The terms "Defendant," "Dexcom," "you," and "your" all refer to Defendant DexCom, Inc. and (i) all its directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors or successors in interest, as well as any parent, subsidiary, company owned by DexCom, or affiliated entity in existence during the period of time relevant to these Interrogatories; (ii) any other person or entity acting on DexCom's behalf or upon whose behalf DexCom has acted; or (iii) any other person or entity otherwise subject to DexCom's control, or to whose control DexCom is subject -- in whole or in part.

4. The terms "Plaintiff" and "Abbott" refer to Plaintiff Abbott Diabetes Care, Inc.

5. The terms "related to," "relating to" and "relate to," "concern," "concerning," and "regarding" mean constituting, comprising, describing, explaining, summarizing, being logically connected to, being chronologically connected to, or mentioning, whether directly or indirectly.

6. In construing these deposition topics, the plural shall include the singular, the singular shall include the plural, and a masculine, feminine, or neuter terms shall include all other genders. The words "and" and "or" mean "and/or" and should be read both ways so as to

encompass both constructions and call for answers to be provided to both constructions. The word "each" includes the word "every," and the word "every" includes the word "each." The word "any" shall be understood to include and encompass "all," and "all" should be interpreted to include and encompass "any."

       7.    The term "Accused Products" shall refer to the DexCom STS™ Continuous Glucose Monitoring Systems and also include, but shall not be limited to, any related predecessor products, any related systems used in any clinical trials, and/or any related systems made for display or displayed at any trade shows or scientific conferences.

       8.    The phrase "patents-in-suit" refers to U.S. Patent No. 6,175,752 (the "'752 patent"), U.S. Patent No. 6,284,478 (the "'478 patent"), U.S. Patent No. 6,329,161 (the "'161 patent"), and U.S. Patent No. 6,565,509 (the "'509 patent").

## DEPOSITION TOPICS

### Deposition Topic No. 1.

For each Accused Product, describe in detail the structure, function, use, and operation of such products and their component parts, including the materials used to make the component parts and the dimensions of those parts.

### Deposition Topic No. 2.

For each Accused Product, please describe DexCom's efforts to apply for regulatory approval to market, sell, and/or offer to sell such products including but not limited to the current status of any efforts for obtaining regulatory approval to market, sell, and/or offer to sell such products (including any projected or estimated date of such approval and any communications from the FDA regarding the likelihood and/or timing of approval).

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 2, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

>Steven J. Balick
>ASHBY & GEDDES
>222 Delaware Avenue
>P.O. Box 1150
>Wilmington, DE  19899

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on February 2, 2006, upon the following individuals in the manner indicated:

| **BY HAND** | **BY FEDERAL EXPRESS** |
|---|---|
| Steven J. Balick<br>ASHBY & GEDDES<br>222 Delaware Avenue<br>P.O. Box 1150<br>Wilmington, DE  19899 | David C. Doyle<br>MORRISON & FOERSTER LLP<br>3811 Valley Centre Drive<br>Suite 500<br>San Diego, CA  92130-2332 |

           */s/ James W. Parrett, Jr.*

           James W. Parrett,, Jr. (#4292)
           jparrett@mnat.com

504916