IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
―――――――――――――――――――― x
                                   :
ABBOTT DIABETES CARE, INC.,        :
                                   :
                      Plaintiff,   :
                                   :
v.                                 :  C. A. No. 05-590 (GMS)
                                   :
DEXCOM, INC.                       :
                                   :
                      Defendant.   :
                                   :
―――――――――――――――――――― x
```

**JOINT STATUS REPORT**

Pursuant to the Court's January 30, 2006 Notice of Scheduling Conference, Abbott Diabetes Care, Inc. and DexCom, Inc. respectfully submit their Joint Status Report (with Abbott's proposed schedule attached) in advance of the Court's February 23, 2006 scheduling conference.

**1.     Jurisdiction and Service**

Because the parties could not agree on a joint statement, the parties are each offering their own statements for this and certain other sections.

**Subject Matter Jurisdiction -- Abbott's Statement**

By way of explanation for the dual statements, Abbott suggested that the parties file neutral statements merely identifying the issues before the Court, including the issues raised by Dexcom's pending motion to dismiss. DexCom declined, deciding instead to summarize the

arguments it made in its fully-briefed motion to dismiss. Because Abbott could not agree to presenting these arguments as if they were an agreed "joint statement" and only after much efforts to convince DexCom to agree to a neutral presentation, Abbott suggested that the parties simply provide separate statements. DexCom agreed.

Abbott has filed a declaratory judgment action for patent infringement (Count I) and separate action for infringement (Count II). The product at issue is DexCom's medical device (its "STS", or short-term continuous glucose monitor). DexCom has not answered the complaint. Rather, DexCom filed a motion to dismiss both counts.

For Count I, Abbott believes that that subject matter jurisdiction is proper under 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202. DexCom disagrees and has filed a motion to dismiss arguing that Abbott's action is premature. The parties have fully presented their positions in the briefs filed in connection with the DexCom's motion.

For Count II, the parties agree that subject matter jurisdiction is proper over patent infringement actions under 28 U.S.C. §§ 1331 and 1338(a). DexCom maintains, however, that Abbott had failed to state a claim for which relief can be granted in light of 35 U.S.C. § 271(e)(1). The parties' positions are fully set forth in the briefs filed in connection with DexCom's motion to dismiss under Rule 12(b)(6).

**Subject Matter Jurisdiction – DexCom's Statement**

The parties exchanged numerous drafts of a proposed joint status report. After Abbott objected to DexCom including within the joint status report a summary of DexCom's position on how its Motion to Dismiss affects scheduling in this case (similar to that included by Abbott in its statement), Abbott suggested that the two parties file two separate documents with the Court. DexCom did not wish to burden the Court with two separate documents, and the

parties therefore agreed to submit one document setting forth separately each party's recitation of the information that they believe is important to scheduling in this matter.

DexCom has not yet answered the Complaint. DexCom has filed a Motion to Dismiss both counts of Abbott's Complaint, and the motion is fully briefed. DexCom contends that the Court lacks subject matter jurisdiction over Count I because Abbott's complaint is premature, because DexCom's medical device (its "STS", or short-term continuous glucose monitor) remains under review by the FDA. DexCom contends it was uncertain on August 11, 2005 (and remains so today), whether or when such a device will exist, and in what final form the device will exist if approved by the FDA and made commercially available by DexCom, which makes Abbott's Complaint premature and subject to dismissal.

Abbott has also filed a motion seeking limited discovery related to the jurisdictional issues raised by DexCom's motion to dismiss, and moved to stay the briefing on DexCom's motion to dismiss in order to take discovery on jurisdictional issues. In an order dated September 20, 2005, the Court denied Abbott's request to stay the briefing schedule pending resolution of Abbott's request to take jurisdictional discovery, and the Court ordered Abbott to file its Opposition to the Motion to Dismiss without taking any jurisdictional discovery.

**Personal Jurisdiction and Venue.** Because both parties are corporations, organized under the laws of Delaware, both parties are subject to this Court's jurisdiction. In addition, venue is proper pursuant to 28 U.S.C. §§ 1391(b), (c) and (d) and 1400(b).

**Service**. All parties to this litigation have been properly served.

**2.    Substance of the Action**

        **Abbott's Statement**

Abbott owns four patents which relate to glucose monitoring devices, systems, and methods. Abbott, like DexCom, is currently seeking FDA approval to market its Navigator device, which is the embodiment of these patents. Abbott contends that DexCom's product infringes claims in all four patents. The first patent is United States Patent No. 6,175,752 (the "'752 patent"), which is entitled "Analyte Monitoring Device and Methods of Use." The second patent is U.S. Patent No. 6,284,478 (the "'478 patent"), which is entitled "Subcutaneous Glucose Electrode." The third patent is U.S. Patent No. 6,329,161 (the "'161 patent"), which is entitled "Subcutaneous Glucose Electrode." The fourth patent is U.S. Patent No. 6,565,509 (the "'509 patent"), which is entitled "Analyte Monitoring Device and Methods of Use."

DexCom has stated that expects FDA approval in the second quarter of 2006. Abbott will likely seek preliminary injunctive relief to prevent the launch of the product.

        **DexCom's Statement**

As stated above, DexCom moved to dismiss Count I based on its contention that the Court lacks subject matter jurisdiction in an action seeking a declaration that defendant's yet-to-be-FDA-approved medical device *will someday* infringe. DexCom also has moved to dismiss Count II of the Complaint because DexCom's activities to date are insulated from liability under 35 U.S.C. § 271(e)(1). DexCom contends that patent infringement occurs where a party "makes, uses, offers to sell or sells" a patented invention, and the patent laws do not impose liability for "displaying" an experimental device that was developed for FDA clinical trials. In addition to these dispositive threshold issues, DexCom believes that the four Abbott patents are invalid under at least 35 U.S.C. § 102, 103 and 112. Although the final design of DexCom's STS device

depends on FDA review and approval (and therefore may change), DexCom contends that the STS product, as currently designed, would not infringe (if approved) the properly construed claims of the four Abbott patents.

3. **Identification of Issues**

   **Abbott's Statement**

The following issues are before the Court: (1) whether DexCom's STS Continuous Monitoring System has already infringed Abbott's patents when it made the accused device to display the device at industry conferences; (2) whether DexCom's STS Continuous Monitoring System will infringe Abbott's asserted patents after commercially launching the product upon FDA approval, which DexCom has indicted is expected in the second quarter of 2006; (3) whether DexCom's infringement was willful; (4) the extent of Abbott's damages for infringement; (5) whether there is subject matter jurisdiction over Count I; (6) whether Abbott has stated a claim for Count II.

When DexCom receives FDA approval, Abbott will also likely seek preliminary injunctive relief to prevent the commercial launch of DexCom's product. Also, earlier this month, DexCom filed petitions for re-examination of virtually all the claims in all four of Abbott's patents with the United States Patent & Trademark Office. The Patent Office has not acted on those petitions. Nevertheless, DexCom has indicated that it plans to seek a stay of the litigation based on its reexamination petitions.

   **DexCom's Statement**

DexCom has moved to dismiss both counts of Abbott's Complaint. Moreover, DexCom filed Requests For Reexamination of all four Abbott patents with the United States

Patent Office on January 25, 2006 and February 1, 2006.  DexCom this week will move to stay this litigation pending decision from the Patent Office on those Requests.

Because DexCom has not yet answered the Complaint, DexCom believes it is premature to identify all issues that may need to be litigated.  Aside from the threshold issues raised in DexCom's Motion to Dismiss, DexCom believes that at least the following substantive issues exist  (assuming the Court denies DexCom's motion in whole or in part): (1) the proper construction of the asserted claims of the Abbott patents; (2) whether DexCom's STS Continuous Monitoring System has already infringed Abbott's patents when it displayed the accused device at industry scientific conferences; (3) whether DexCom's STS Continuous Monitoring System will infringe Abbott's asserted patents if and when DexCom launches its product; (4) whether DexCom's alleged infringement was willful; (4) the extent of Abbott's damages for the alleged infringement; (5) whether the claims of Abbott's patent are invalid; (6) whether TheraSense, Abbott or the inventors engaged in inequitable conduct in prosecuting applications for the Abbott patents.

DexCom notes that there are 272 claims in the four Abbott patents, and Abbott has not yet identified which or how many claims it intends to assert against DexCom.

**4.    Narrowing of Issues**

**Abbott's Statement**

It is premature to know to what extent, if any, the issues in this litigation can be narrowed by agreement or by dispositive motions.

### DexCom's Statement

DexCom believes that its Reexamination Requests on all four Abbott patents will either eliminate completely or substantially narrow the issues for trial. Moreover, DexCom believes the issues can be narrowed significantly if Abbott were to identify the claims it intends to assert at an early stage in this litigation.

5.   **Relief**

### Abbott's Statement

Abbott seeks a judgment that DexCom has infringed and will infringe the Abbott asserted patents. Abbott also seeks a judgment that the infringement has been willful. Abbott additionally will likely be seeking injunctive relief precluding when DexCom from any further infringement of Abbott's patents. Abbott seeks damages to be calculated using a lost profits or reasonable royalty calculation.

### DexCom's Statement

Were the Court to hold that subject matter jurisdiction exists, DexCom will seek a declaration that the asserted claims of the four Abbott patents are invalid, not infringed and that the asserted patents are unenforceable due to inequitable conduct. DexCom also will seek to recover its attorneys fees upon demonstrating that Abbott brought this litigation in bad faith.

**6.** **Amendment of the Pleadings**

**Abbott's Statement**

Abbott expects to seek leave to amend the pleadings to reflect any further developments in the progress of DexCom's efforts to launch an infringing product, including but not limited to converting its Declaratory Judgment under Count I to a claim for infringement when DexCom is permitted to launch its product, notwithstanding Abbott's patents. Abbott proposes that the parties complete any amendment to pleadings by October 2, 2006.

**DexCom's Statement**

DexCom has not answered Abbott's Complaint in light of its pending motion to dismiss Abbott's Complaint in its entirety. Moreover, DexCom's investigation is ongoing and incomplete and, at present, is hampered by the fact that Abbott has not identified the claims it intends to assert. Because of that fact, and because amendment of the pleadings to include allegations of inequitable conduct may require the benefit of full document production from Abbott, as well as the completion of depositions of Abbott's inventors and patent prosecution counsel, DexCom agrees that the deadline to amend the pleadings should follow a period of significant discovery in this case.

**7.** **Joinder of Parties**

Abbott does not anticipate the need to join additional parties to this action. In any event, Abbott proposes that any joinder of parties should be completed by October 2, 2006. DexCom does not believe it can determine whether any additional parties need to be joined absent discovery.

**8.     Discovery**

### Abbott's Statement

The parties conducted their Rule 26(f) discovery conference. DexCom declined to discuss or propose a schedule until the Court ruled on its motion to dismiss. DexCom also declined to comply with any of its discovery obligations, including responding to a properly noticed Rule 30(b)(6) deposition for February 21 or with its Rule 26(a)(1) initial disclosure obligations. The deposition, in particular, is important so that Abbott can properly exercise its rights to seek injunctive relief in advance of the launch expected next quarter.

The accompanying proposed Scheduling Order sets forth Abbott's proposed schedule for the completion of both fact and expert discovery. It should be noted that when DexCom gets its approval from the FDA, Abbott will likely seek preliminary injunctive relief, which is not reflected on the proposed schedule.

Abbott proposes that the Court impose limits of 15 fact depositions per side, 50 interrogatories per side and 50 requests for admission per side.

### DexCom Statement

DexCom has yet to file its Answer and Counterclaims. DexCom believes that the parties should not discuss specific dates or schedules until this Court rules on the pending Motion to Dismiss Abbott's Complaint. Moreover, DexCom filed Requests For Reexamination of all four Abbott patents with the United States Patent Office on January 25, 2006 and February 1, 2006. DexCom this week will file a motion to stay this case pending decision from the Patent Office on those Requests. DexCom requests that all discovery be stayed pending decision by the Court on the DexCom's motion to stay this litigation. On February 2, 2006, Abbott served DexCom with discovery requests, including a Rule 30(b)(6) Deposition Notice requesting a

witness to testify on February 21, 2006 regarding DexCom's communications with the FDA regarding the status of FDA review. DexCom has advised Abbott that it intends to seek a protective order from the Court (pursuant to Local Rule 30) and that DexCom has moved to stay this case (including all discovery) pending reexamination of the four Abbott patents by the PTO.

However, were this Court to conclude that subject matter jurisdiction exists, that Abbott has stated a claim upon which relief can be granted, and the case should not be stayed pending a determination of the Reexaminations, DexCom proposes that this case will be ready to try within 24 months from the date of DexCom's Answer and Counterclaims.

**9.     Estimated Trial Length**

Both parties agree that trial will last approximately 10 trial days.

Abbott requests a trial by jury. DexCom has yet to answer Abbott's Complaint. Were the Court to deny DexCom's motion in whole or in part, DexCom anticipates requesting a trial by jury.

**10.    Settlement**

The parties have not engaged in formal settlement discussions. At this time, the parties do not believe that referral to a Magistrate for settlement would be productive.

**11.    Statement of Counsel**

Counsel for the parties have conferred regarding each of the above matters.

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | YOUNG CONWAY STARGATT & TAYLOR |
|---|---|
| */s/ Mary B. Graham* | */s/ John W. Shaw* |
| _____ | _____ |
| Mary B. Graham (#2256) | John W. Shaw (#3362) |
| 1201 North Market Street, 18th Floor | 1000 West Street |
| P.O. Box 1347 | The Brandywine Building, 17th Floor |
| Wilmington, DE 19899 | Wilmington, DE 19801 |
| (302) 658-9200 | (302) 571-6689 |
| | |
| OF COUNSEL: | OF COUNSEL: |
| | |
| James F. Hurst | David C. Doyle |
| Stephanie S. McCallum | Morrison & Foerster |
| Winston & Strawn LLP | 12531 High Bluff Drive, Suite 100 |
| 35 West Wacker Drive | San Diego, California 92130 |
| Chicago, Illinois 60601 | 858-720-5100 |
| (312) 558-5600 | |
| | *Attorneys for Defendant* |
| *Attorneys for Plaintiff* | *DexCom, Inc.* |
| *Abbott Diabetes Care, Inc.* | |

# TAB 1

**Abbott's Proposed Dates For Scheduling Order**

| Event | Date to be completed |
|---|---|
| Rule 26(a) Disclosures | February 16, 2006 |
| Reliance Upon Advice of Counsel | July 13, 2006 |
| Joinder of Parties and Amendment of Pleadings | October 2, 2006 |
| Exchange Lists of Disputed Claim Terms | June 26, 2006 |
| Meet and Confer to Narrow Claim Terms | July 10, 2006 |
| Final Joint Claim Chart | July 17, 2006 |
| Opening Claim Construction Briefs | July 31, 2006 |
| Answering Claim Construction Briefs | August 28, 2006 |
| *Markman* Claim Construction Hearing | Week of September 11, 2006 |
| Close of Fact Discovery | October 20, 2006 |
| Opening Expert Reports | November 9, 2006 |
| Rebuttal Expert Reports | December 14, 2006 |
| Close of Expert Discovery | January 27, 2006 |
| Summary Judgment Letter Briefs | February 15, 2007 |
| Answering Summary Judgment Letter Briefs | March 1, 2007 |
| Reply Summary Judgment Letter Briefs | March 8, 2007 |
| Hearing re: Permission to Move for Summary Judgment | March 15, 2007 |
| Opening Summary Judgment Papers | April 5, 2006 |
| Answering Summary Judgment Papers | April 26, 2007 |
| Reply Summary Judgment Papers | May 10, 2007 |
| Submit to Court Joint Agenda re *Daubert* Issues | May 24, 2007 |

1

| Telephone Conference with Court re *Daubert* Issues | May 31, 2007 |
| --- | --- |
| Opening In Limine Papers | June 21, 2007 |
| Answering In Limine Papers | July 10, 2007 |
| Reply In Limine Papers | July 17, 2007 |
| Joint Pre-Trial Order | August 16, 2007 |
| Pretrial Conference | September 20, 2007 |
| Trial Date | October 22, 2007 |
| Trial Duration | 10 days |