IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ABBOTT DIABETES CARE, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> DEXCOM, INC., a Delaware corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) C.A. No. 05-590 (GMS) |

**PLAINTIFF ABBOTT DIABETES CARE, INC.'S RE-NOTICE OF
DEPOSITION OF DEXCOM, INC. PURSUANT TO RULE 30(B)(6)**

To:    John W. Shaw
       YOUNG CONAWAY STARGATT & TAYLOR
       100 West Street
       Wilmington, DE  19899

       David C. Doyle
       MORRISON & FOERSTER
       12531 High Bluff Drive, Suite 100
       San Diego, CA  92130

       *Counsel for DexCom, Inc.*

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and the Court's Order of February 23, 2006, Plaintiff Abbott Diabetes Care, Inc. will take the deposition of DexCom, Inc. on the topics set forth in the attached Schedule A.  This notice is a re-notice of the notice of Rule 30(b)(6) deposition of DexCom served by Abbott on February 2, 2006 noticing DexCom's deposition for February 21, 2006.  The deposition will start at 9:00 a.m. on March 9, 2006 and will take place at the Omni San Diego Hotel at 675 L Street Boardroom 1, San Diego, California 92101, or at such other time and place as may be agreed to among counsel.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rule 30(b)(6), DexCom is requested to designate one or more officers, directors, managing agents or other persons who consent to testify on its behalf with respect to each of the topics set forth in the attached Schedule A. In addition, DexCom is requested to provide Abbott's counsel with written notice, at least one week in advance of the deposition, of the name and employment position of each designee who consents to testify on behalf of DexCom, and the subject matter topics set forth in Schedule A as to which each designee has agreed to testify.

The deposition will be taken before a notary public or other officer authorized to administer the oath under law, and will continue day to day until completed with adjournments as to time and place that may be necessary. The deposition will be recorded by stenographic means and may be recorded by videographic means.

You are invited to attend.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*

Mary B. Graham (#2256)
James W. Parrett, Jr. (#4292)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302.658.9200

*Attorneys for Plaintiff*
*Abbott Diabetes Care, Inc.*

OF COUNSEL:

James F. Hurst
Stephanie S. McCallum
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
312.558.5600

Dated: March 7, 2006
509857

## SCHEDULE A

### INSTRUCTIONS AND DEFINITIONS

1. These deposition topics seek information current as of the date of service and to the full extent permitted under the Federal Rules of Civil Procedure.

2. Provide responsive testimony for each deposition topic in full. If you cannot do so, provide testimony to the extent possible, explaining why you cannot provide complete testimony and providing testimony for any knowledge, information or belief you have concerning the unanswered portion of the Deposition Topic. If you perceived a Deposition Topic (or portion thereof) to be inapplicable, then indicate as much rather than failing to provide testimony on the deposition topic (or portion thereof).

3. The terms "Defendant," "Dexcom," "you," and "your" all refer to Defendant DexCom, Inc. and (i) all its directors, officers, employees, agents, representatives, accountants, investigators, consultants, attorneys, and predecessors or successors in interest, as well as any parent, subsidiary, company owned by DexCom, or affiliated entity in existence during the period of time relevant to these Interrogatories; (ii) any other person or entity acting on DexCom's behalf or upon whose behalf DexCom has acted; or (iii) any other person or entity otherwise subject to DexCom's control, or to whose control DexCom is subject -- in whole or in part.

4. The terms "Plaintiff" and "Abbott" refer to Plaintiff Abbott Diabetes Care, Inc.

5. The terms "related to," "relating to" and "relate to," "concern," "concerning," and "regarding" mean constituting, comprising, describing, explaining, summarizing, being logically connected to, being chronologically connected to, or mentioning, whether directly or indirectly.

6. In construing these deposition topics, the plural shall include the singular, the singular shall include the plural, and a masculine, feminine, or neutral term shall include all other genders. The words "and" and "or" mean "and/or" and should be read both ways so as to encompass both constructions and call for answers to be provided to both constructions. The word "each" includes the word "every," and the word "every" includes the word "each." The word "any" shall be understood to include and encompass "all," and "all" should be interpreted to include and encompass "any."

7. The term "Accused Products" shall refer to the DexCom STS™ Continuous Glucose Monitoring Systems and also include, but shall not be limited to, any related predecessor products, any related systems used in any clinical trials, and/or any related systems made for display or displayed at any trade shows or scientific conferences.

8. The phrase "patents-in-suit" refers to U.S. Patent No. 6,175,752 (the "'752 patent"), U.S. Patent No. 6,284,478 (the "'478 patent"), U.S. Patent No. 6,329,161 (the "'161 patent"), and U.S. Patent No. 6,565,509 (the "'509 patent").

# DEPOSITION TOPICS

**Deposition Topic No. 1.**

For each Accused Product, describe in detail the structure, function, use, and operation of such products and their component parts, including the materials used to make the component parts and the dimensions of those parts.

**Deposition Topic No. 2.**

For each Accused Product, please describe DexCom's efforts to apply for regulatory approval to market, sell, and/or offer to sell such products including, but not limited to, the current status of any efforts for obtaining regulatory approval to market, sell, and/or offer to sell such products (including any projected or estimated date of such approval and any communications from the FDA regarding the likelihood and/or timing of approval).

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

> John W. Shaw
> YOUNG CONAWAY STARGATT & TAYLOR LLP
> 1000 West Street, 17th Floor
> P.O. Box 391
> Wilmington, DE 19899-0391

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on March 7, 2006 upon the following individuals in the manner indicated:

| **BY HAND** | **BY FACSIMILE** |
|---|---|
| John W. Shaw | David C. Doyle |
| YOUNG CONAWAY STARGATT & TAYLOR LLP | MORRISON & FOERSTER LLP |
| 1000 West Street, 17th Floor | 3811 Valley Centre Drive |
| P.O. Box 391 | Suite 500 |
| Wilmington, DE 19899-0391 | San Diego, CA 92130-2332 |

*/s/ Mary B. Graham*

Mary B. Graham (#2256)

484376