PUBLIC VERSION

# EXHIBIT E

PUBLIC VERSION



**UNITED STATES DEPARTMENT OF COMMERCE**
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| | | | |

| EXAMINER |
|---|
| CLARY, L. |

| ART UNIT | PAPER NUMBER |
|---|---|
| | 4 |

DATE MAILED:

Please find below and/or attached an Office communication concerning this application or proceeding.

Commissioner of Patents and Trademarks

PUBLIC VERSION

| *Office Action Summary* | Application No. 09/668,221 | Applicant(s) Heller et al |
|---|---|---|
| | Examiner Louise Leary | Group Art Unit 1623 |

☐ Responsive to communication(s) filed on _____

☐ This action is FINAL.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ___*three*___ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

Disposition of Claims

☒ Claim(s) *31-78* _____ is/are pending in the application.

☐ Of the above, claim(s) _____ is/are withdrawn from consideration.

☐ Claim(s) _____ is/are allowed.

☒ Claim(s) *31-78* _____ is/are rejected.

☐ Claim(s) _____ is/are objected to.

☐ Claims _____ are subject to restriction or election requirement.

Application Papers

☒ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐approved ☐disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

Priority under 35 U.S.C. § 119

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

☐ ☐All ☐Some* ☐None of the CERTIFIED copies of the priority documents have been

☐ received.

☐ received in Application No. (Series Code/Serial Number) _____.

☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

*Certified copies not received: _____

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

Attachment(s)

☒ Notice of References Cited, PTO-892

☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

☐ Interview Summary, PTO-413

☒ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

--- *SEE OFFICE ACTION ON THE FOLLOWING PAGES* ---

PUBLIC VERSION

Application/Control Number: 09/668221                                    Page 2

Art Unit: 1623

1. Claims 31-78 are pending in this application.

2. The nonstatutory double patenting rejection is based on a judicially created doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise extension of the "right to exclude" granted by a patent and to prevent possible harassment by multiple assignees. See *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970);and, *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

   A timely filed terminal disclaimer in compliance with 37 CFR 1.321④ may be used to overcome an actual or provisional rejection based on a nonstatutory double patenting ground provided the conflicting application or patent is shown to be commonly owned with this application. See 37 CFR 1.130(b).

   Effective January 1, 1994, a registered attorney or agent of record may sign a terminal disclaimer. A terminal disclaimer signed by the assignee must fully comply with 37 CFR 3.73(b).

   Claims 31-78 are rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over claims 1-48 of U.S. Patent No. 6,121,009. Although the conflicting claims are not identical, they are not patentably distinct from each other because both inventions claim a flexible analyte sensor comprising a portion of the sensor adapted for positioning external to the animal and for connection to a device for measurement of electrical signal generated by the sensor; a portion of the sensor adapted for subcutaneous implantation in an animal comprising at least one non-corroding, analyte-responsive working electrode; and a sensing layer coupled to the working electrode wherein the flexible sensor is adapted to provide an electrical signal substantially insensitive to relative motion between the implanted portion of the

PUBLIC VERSION

Application/Control Number: 09/668221                              Page 3

Art Unit: 1623

sensor under substantially identical reaction conditions; a glucose measuring system; a method for

measuring glucose using the system; a method for inserting a flexible glucose sensor in an animal;

and a flexible glucose sensor having the structural features claimed.

3. The Heller et al references (US 6,121,009; 5,593,852; 5,356,786 and 6,126611) have been

cited to further show the state of this art.

4. Any inquiry concerning this communication should be directed to Louise Leary at telephone

number (703) 308-3533.

LOUISE N. LEARY
PRIMARY EXAMINER

December 16, 2000

PUBLIC VERSION

Examiner Leory                                    AU 1623

PTO-PTO 948 (REV. 01-01)    U.S. DEPARTMENT OF COMMERCE-Patent and Trademark Office    Application No. 09/668,221

## NOTICE OF DRAFTPERSON'S
## PATENT DRAWING REVIEW

The drawing filed (insert date) _9. 22. 00_ are:

A. _____ not objected to by the Draftperson under 37 CFR 1.84 or 1.152.

B. _____ objected to by the Draftperson under 37 CFR 1.84 or 1.152 as indicated below. The Examiner will require submission of new, corrected drawings when necessary. Corrected drawings must be submitted according to the instructions on the back of this notice.

1. DRAWINGS. 37 CFR 1.84(a): Acceptable categories of drawings:
Black ink.  Color.
_____ Color drawings are not acceptable until petition is granted.
Fig(s)_____
_____ Pencil and non black ink is not permitted. Fig(s)_____

2. PHOTOGRAPHS. 37 CFR 1.84(b)
_____ Photographs are not acceptable until petition is granted.
_____ 3 full-tone sets are required. Fig(s)_____
_____ Photographs not properly mounted (must bristol board or photographic double-weight paper). Fig(s)_____
_____ Poor quality (half-tone). Fig(s)_____

3. TYPE OF PAPER. 37 CFR 1.84(e)
_____ Paper not flexible, strong, white and durable.
Fig.(s)_____
✓ Erasures, alterations, overwritings, interlineations, folds, copy machine marks not acceptable. (too thin) _1 - 10_
_____ Mylar, vellum paper is not acceptable (too thin)
Fig(s)_____

4. SIZE OF PAPER. 37 CFR 1.84(f): Acceptable sizes:
_____ 21.0 cm by 29.7 cm (DIN size A4)
_____ 21.6 cm by 27.9 cm (8 1/2 x 11 inches)
_____ All drawings sheets not the same size.
Sheet(s)_____

5. MARGINS. 37 CFR 1.84(g): Acceptable margins:
SIZE: A4 Size    Top 2.5 cm Left 2.5 cm Right 1.5 cm Bottom 1.0 cm
SIZE: 8 1/2 x 11    Top 2.5 cm Left 2.5 cm Right 1.5 cm Bottom 1.0 cm
_____ Margins not acceptable. Fig(s)_____
_____ Top (T)    _____ Left (L)
_____ Right (R)    _____ Bottom (B)

6. VIEWS. 37 CFR 1.84(h)
REMINDER: Specification may require revision to correspond to drawing changes.
_____ Views connected by projection lines or lead lines.
Fig(s)_____
Partial views. 37 CFR 1.84(h)(2)
_____ Brackets needed to show figure as one entity.
Fig(s)_____
_____ Views not labeled separately or properly.
Fig(s)_____
_____ Enlarged view not labeled separately or properly.
Fig(s)_____

7. SECTIONAL VIEWS. 37 CFR 1.84(h)(3)
_____ Hatching not indicated for sectional portions of an object.
Fig.(s)_____
_____ Sectional designation should be noted with Arabic or Roman numbers. Fig.(s)_____

8. ARRANGEMENT OF VIEWS. 37 CFR 1.84(i)
_____ Words do not appear on a horizontal, left-to-right fashion when page is either upright or turned, so that the top becomes the right side, except for graphs. Fig.(s)_____
_____ Views not on the same plane on drawing sheet. Fig.(s)_____

9. SCALE. 37 CFR 1.84(k)
_____ Scale not large enough to show mechanism with crowding when drawing is reduced in size to two-thirds in reproduction.
Fig.(s)_____

10. CHARACTER OF LINES, NUMBERS, & LETTERS.  37 CFR 1.84(l)
✓ Lines, numbers & letters not uniformly thick and well defined, clean, durable, and black (poor line quality).
Fig.(s) _1 - 10_

11. SHADING. 37 CFR 1.84(m)
_____ Solid black areas pale. Fig.(s)_____
_____ Solid black shading not permitted. Fig.(s)_____
_____ Shade lines, pale, rough and blurred. Fig.(s)_____

12. NUMBERS, LETTERS, & REFERENCE CHARACTERS.
37 CFR 1.84(p)
✓ Numbers and reference characters not plain and legible.
Fig.(s) _1 - 10_
✓ Figure legends are poor. Fig.(s) _1 - 10_
_____ Numbers and reference characters not oriented in the same direction as the view. 37 CFR 1.84(p)(1) Fig.(s)_____
_____ English alphabet not used. 37 CFR 1.84(p)(2) Fig.(s)_____
_____ Numbers, letters and reference characters must be at least .32 cm (1/8 inch) in height. 37 CFR 1.84(p)(3) Fig.(s)_____

13. LEAD LINES. 37 CFR 1.84(q)
_____ Lead lines cross each other. Fig.(s)_____
_____ Lead lines missing. Fig.(s)_____

14. NUMBERING OF SHEETS OF DRAWINGS. 37 CFR 1.85(t)
_____ Sheets not numbered consecutively, and in Arabic numerals beginning with number 1. Fig.(s)_____

15. NUMBERING OF VIEWS. 37 CFR 1.84(u)
_____ Views not numbered consecutively, and in Arabic numerals, beginning with number 1. Fig. (s)_____

16. CORRECTIONS. 37 CFR 1.84(w)
_____ Corrections not made from PTO-948 dated _____

17. DESIGN DRAWINGS. 37 CFR 1.152
_____ Surface shading shown not appropriate. Fig.(s)_____
_____ Solid black shading not used for color contrast.
Fig.(s)_____

COMMENTS

REVIEWER _J. Chase_    DATE _12-4-00_  TELEPHONE NO. _703 305 8490_

ATTACHMENT TO PAPER NO. _1_

PTO COPY

PUBLIC VERSION

| *Notice of References Cited* | | Application No. 09/868,221 | Applicant Heller et al | | |
| | | Examiner Louise Leary | Group Art Unit 1623 | Page 1 of 1 | |

**U.S. PATENT DOCUMENTS**

| * | DOCUMENT NO | DATE | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|
| A | 6,121,009 | 9/2000 | Heller et al | 435 | 14 |
| B | 5,593,852 | 1/1997 | Heller et al | 435 | 14 |
| C | 5,356,786 | 10/1994 | Heller et al | 435 | 14 |
| D | 612,5111 | 12/2000 | Heller et al | 435 | 14 |
| E | | | | | |
| F | | | | | |
| G | | | | | |
| H | | | | | |
| I | | | | | |
| J | | | | | |
| K | | | | | |
| L | | | | | |

**FOREIGN PATENT DOCUMENTS**

| * | DOCUMENT NO | DATE | COUNTRY | NAME | CLASS | SUBCLASS |
|---|---|---|---|---|---|---|
| N | | | | | | |
| O | | | | | | |
| P | | | | | | |
| Q | | | | | | |
| R | | | | | | |
| T | | | | | | |

**NON-PATENT DOCUMENTS**

| * | DOCUMENT (Including Author, Title, Source, and Pertinent Pages) | DATE |
|---|---|---|
| U | | |
| V | | |
| W | | |
| X | | |

* A copy of this reference is not being furnished with this Office action.
(See Manual of Patent Examining Procedure, Section 707.05(a).)

PUBLIC VERSION

# EXHIBIT F

PUBLIC VERSION



UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NUMBER | FILING DATE | FIRST NAMED APPLICANT | | ATTY DOCKET NO. |
|---|---|---|---|---|
| 08/767,110 | 12/04/96 | HELLER | A | 11154.90SC1 |
| | | | | EXAMINER |

12M170722

MERCHANT GOULD SMITH EDELL
WELTER & SCHMIDT
3100 NORWEST CENTER
90 SOUTH SEVENTH STREET
MINNEAPOLIS MN 55402-4131

| HENRY, N.  Art Unit | PAPER NUMBER |
|---|---|
| | 4 |

1211

DATE MAILED:
07/22/97

This is a communication from the examiner in charge of your application.
COMMISSIONER OF PATENTS AND TRADEMARKS

## OFFICE ACTION SUMMARY

☒ Responsive to communication(s) filed on Pre Amendment A filed 12/4/96 and Pre Amendment B filed 5/6/97.

☐ This action is FINAL.

☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 D.C. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire THREE month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) 1-2 and 4-117 is/are pending in the application.

Of the above, claim(s) _____ is/are withdrawn from consideration.

☒ Claim(s) 47-117 is/are allowed.

☒ Claim(s) 1-2, 4-10 and 23-28 is/are rejected.

☒ Claim(s) 11-22 and 29-30 is/are objected to.

☐ Claim(s) _____ are subject to restriction or election requirement.

**Application Papers**

☒ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

☐ ☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been

☐ received.
☐ received in Application No. (Series Code/Serial Number) _____
☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

*Certified copies not received: _____

☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☐ Notice of Reference Cited, PTO-892

☐ Information Disclosure Statement(s), PTO-1449, Paper No(s). _____

☐ Interview Summary, PTO-413

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

—SEE OFFICE ACTION ON THE FOLLOWING PAGES—

* U.S. GPO 1996 421-627

PUBLIC VERSION

Serial Number: 08/767110                                                    Page 2

Art Unit 1211

1. Claims 1-2, and 4-117 are pending in this application. Claims 3 and 31-46 have been canceled

per applicants request received May 5, 1997.


2. Claim 4 is rejected under 35 U.S.C. 112, second paragraph, as being indefinite for failing to

particularly point out and distinctly claim the subject matter which applicant regards as the

invention.

    Claim 4 is indefinite for depending to claim 3 which was canceled. Correction is required

to comply with US patent practice.


3. The non-statutory double patenting rejection, whether of the obviousness-type or non-
obviousness-type, is based on a judicially created doctrine grounded in public policy (a policy
reflected in the statute) so as to prevent the unjustified or improper timewise extension of the
"right to exclude" granted by a patent. *In re Thorington*, 418 F.2d 528, 163 USPQ 644 (CCPA
1969); *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970); *In re Van Ornum*, 686
F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir.
1985); and *In re Goodman*, 29 USPQ2d 2010 (Fed. Cir. 1993).

    A timely filed terminal disclaimer in compliance with 37 CFR 1.321(b) and (c) may be used
to overcome an actual or provisional rejection based on a non-statutory double patenting ground
provided the conflicting application or patent is shown to be commonly owned with this
application. See 37 CFR 1.78(d).

    Effective January 1, 1994, a registered attorney or agent of record may sign a terminal
disclaimer. A terminal disclaimer signed by the assignee must fully comply with 37 CFR 3.73(b).

    Claims 1-2, 5-10, and 23-28 are rejected under the judicially created doctrine of

obviousness-type double patenting as being unpatentable over claims 1, 3-11, 13, 15-16, 29, and

PUBLIC VERSION

Serial Number: 08/767110                                        Page 3

Art Unit:1211

31 of U.S. Patent No. 5,593,852. Although the conflicting claims are not identical, they are not patentably distinct from each other because the same electrode, method for producing an in vivo glucose biosensor, biosensor, and method for measuring the concentration of a biochemical in an animal has been claimed in each set of claims.

Claims 1-2, 5-10, and 23-28 are rejected under the judicially created doctrine of double patenting over claims 1, 3-11, 13, 15-16, 29, and 31 of U. S. Patent No. 5,593,852 since the claims, if allowed, would improperly extend the "right to exclude" already granted in the patent.

The subject matter claimed in the instant application is fully disclosed in the patent and is covered by the patent since the patent and the application are claiming common subject matter, as follows:

The same electrode, method for producing an in vivo glucose biosensor, biosensor, and method for measuring the concentration of a biochemical in an animal has been claimed in each set of claims.

Furthermore, there is no apparent reason why applicant was prevented from presenting claims corresponding to those of the instant application during prosecution of the application which matured into a patent. *In re Schneller*, 397 F.2d 350, 158 USPQ 210 (CCPA 1968). See also MPEP § 804.

PUBLIC VERSION

Serial Number: 08/767110                                    Page 4

Art Unit:1211

4. Claims 11-22 and 29-30 are objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

5. Claims 47-117 are allowable over the prior art of record.

6. Any inquiry concerning this communication should be directed to Louise Leary at telephone number (703) 308-3533.

LOUISE LEARY
PATENT EXAMINER
GROUP 1200

July 21, 1997

PUBLIC VERSION

# EXHIBIT G

PUBLIC VERSION



UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/667,194 | 09/21/2000 | James Say | 12003.13USC1 | 1556 |

21835    7590    07/24/2002
MERCHANT & GOULD PC
P.O. BOX 2903
MINNEAPOLIS, MN  55402-0903

| EXAMINER |
|---|
| HATNITHITHADHA, NAVIN |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3736 | |

DATE MAILED: 07/24/2002

Please find below and/or attached an Office communication concerning this application or proceeding.

PUBLIC VERSION

| | Application No. | Applicant(s) |
|---|---|---|
| *Office Action Summary* | 09/557,199 | SAY ET AL. |
| | Examiner | Art Unit |
| | Navin Natnithithadha | 3736 |

*— The MAILING DATE of this communication appears on the cover sheet with the correspondence address —*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE **3** MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on __08 February 2002__ .

2a) ☐ This action is FINAL.  2b) ☒ This action is non-final.

3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) __2-176__ is/are pending in the application.

  4a) Of the above claim(s) __2-120__ is/are withdrawn from consideration.

5) ☒ Claim(s) __146-176__ is/are allowed.

6) ☒ Claim(s) __121,126,128-131,134 and 145__ is/are rejected.

7) ☒ Claim(s) __122-125,127,132,133 and 135-144__ is/are objected to.

8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☒ The specification is objected to by the Examiner.

10) ☒ The drawing(s) filed on __21 September 2000__ is/are: a) ☒ accepted or b) ☐ objected to by the Examiner.

  Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).

11) ☐ The proposed drawing correction filed on _____ is: a) ☐ approved b) ☐ disapproved by the Examiner.

  If approved, corrected drawings are required in reply to this Office action.

12) ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).

  a) ☐ All b) ☐ Some * c) ☐ None of:

    1. ☐ Certified copies of the priority documents have been received.

    2. ☐ Certified copies of the priority documents have been received in Application No. _____ .

    3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

  * See the attached detailed Office action for a list of the certified copies not received.

14) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).

  a) ☐ The translation of the foreign language provisional application has been received.

15) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1) ☒ Notice of References Cited (PTO-892)

2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)

3) ☒ Information Disclosure Statement(s) (PTO-1449) Paper No(s) 3.

4) ☒ Interview Summary (PTO-413) Paper No(s). 5

5) ☐ Notice of Informal Patent Application (PTO-152)

6) ☐ Other: _____

PUBLIC VERSION

Application/Control Number: 09/667,199                                                      Page 2
Art Unit: 3736

### DETAILED ACTION

#### Specification

1.      The disclosure is objected to because of the following informalities:

A new section for the <u>Cross-References to Related Applications</u> (See 37

CFR1.78 and MPEP § 201.11) should be added after the title to include the

Continuation Application information.

Appropriate correction is required.

2.      The specification has not been checked to the extent necessary to determine the

presence of all possible minor errors.  Applicant's cooperation is requested in correcting

any errors of which applicant may become aware of in the specification.

#### Claim Rejections - 35 USC § 102

3.      The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that

form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless –
>
> (e) the invention was described in a patent granted on an application for patent by another filed in the United States before the invention thereof by the applicant for patent, or on an international application by another who has fulfilled the requirements of paragraphs (1), (2), and (4) of section 371(c) of this title before the invention thereof by the applicant for patent.

The changes made to 35 U.S.C. 102(e) by the American Inventors Protection Act

of 1999 (AIPA) do not apply to the examination of this application as the application

being examined was not (1) filed on or after November 29, 2000, or (2) voluntarily

PUBLIC VERSION

Application/Control Number: 09/667,199                                    Page 3
Art Unit: 3736

published under 35 U.S.C. 122(b). Therefore, this application is examined under 35

U.S.C. 102(e) prior to the amendment by the AIPA (pre-AIPA 35 U.S.C. 102(e)).

4.       Claims 121, 126, 128-130, 131, 134, and 145 are rejected under 35

U.S.C. 102(e) as being anticipated by Ward et al.

         In regards to claims 121 and 131, Ward et al discloses a sensor for

measuring analyte concentrations, comprising:

         an implantable electrochemical sensor 18/122 including an enzyme layer

25 (see Figs. 1 and 2 and col. 4, lines 43-54);

         an electrometer 126 and transmitter 130 for transmission of data of sensor

122 to external receiving source using radio signals (see Fig. 7 and col. 7, lines

35-47); and a computer 134/138 including a display monitor (see Fig. 7 and col.

7, lines 41-48).

         As to claim 126, Ward discloses the sensor 122 is coupled to a transmitter

130, which includes a power source, for example a battery (see col. 2, lines 45-

47).

         As to claim 128, Ward discloses a radio signal transmitter 130 (see col. 7,

lines 41-43).

         As to claim 129, Ward discloses a computer 136 for data monitoring (see

col. 7, lines 44-46).

         As to claim 130, Ward discloses the analyte is glucose and a glucose

responsive enzyme (see col. 4, lines 43-54).

PUBLIC VERSION

Application/Control Number: 09/667,199                                    Page 4
Art Unit: 3736

       As to claim 134, Ward discloses a computer 138, which includes a display

monitor (see Fig. 7).

       As to claim 145, Ward discloses the analyte is glucose and a glucose

responsive enzyme (see col. 4, lines 43-54).


*Allowable Subject Matter*

5.    Claims 146-176 are allowed.

6.    Claims 122-125, 127, 132, 133, and 135-144, are objected to as being

dependent upon a rejected base claim, but would be allowable if rewritten in

independent form including all of the limitations of the base claim and any intervening

claims.


*Conclusion*

7.    Any inquiry concerning this communication or earlier communications from the

examiner should be directed to Navin Natnithithadha whose telephone number is (703)

305-2445. The examiner can normally be reached on Monday-Friday, 9:00 am to 5:00

pm.

       If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Kevin Shaver can be reached on (703) 308-2582. The fax phone numbers

for the organization where this application or proceeding is assigned are (703) 746-3337

for regular communications and (703) 746-3337 for After Final communications.

PUBLIC VERSION

Application/Control Number: 09/657,199                                    Page 5
Art Unit: 3736

        Any inquiry of a general nature or relating to the status of this application or

proceeding should·be directed to the receptionist whose telephone number is (703) 308-

2701.


Navin Natnithithadha
Patent Examiner
GAU 3736
November 9, 2001

SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 3700

PUBLIC VERSION

| Notice of References Cited | Application/Control No. 09/867,199 | Applicant(s)/Patent Under Reexamination SAY ET AL. | *Fed* |
|---|---|---|---|
| | Examiner Navin Natnithithadha | Art Unit 3736 | Page 1 of 1 |

**U.S. PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Name | Classification |
|---|---|---|---|---|---|
| | A | US-6,001,097 | 12-1999 | Shults et al. | 600/345 |
| | B | US-5,711,861 | 01-1998 | Ward et al. | 204/403.05 |
| | C | US- | | | |
| | D | US- | | | |
| | E | US- | | | |
| | F | US- | | | |
| | G | US- | | | |
| | H | US- | | | |
| | I | US- | | | |
| | J | US- | | | |
| | K | US- | | | |
| | L | US- | | | |
| | M | US- | | | |

**FOREIGN PATENT DOCUMENTS**

| * | | Document Number Country Code-Number-Kind Code | Date MM-YYYY | Country | Name | Classification |
|---|---|---|---|---|---|---|
| | N | | | | | |
| | O | | | | | |
| | P | | | | | |
| | Q | | | | | |
| | R | | | | | |
| | S | | | | | |
| | T | | | | | |

**NON-PATENT DOCUMENTS**

| * | | Include as applicable: Author, Title Date, Publisher, Edition or Volume, Pertinent Pages) |
|---|---|---|
| | U | |
| | V | |
| | W | |
| | X | |

*A copy of this reference is not being furnished with this Office action. (See MPEP § 707.05(a).)
Dates in MM-YYYY format are publication dates. Classifications may be US or foreign.

U.S. Patent and Trademark Office
PTO-892 (Rev. 01-2001)                    Notice of References Cited                    Part of Paper No. 8

PUBLIC VERSION

| *Interview Summary* | Application No. | Applicant(s) |
|---|---|---|
| | 09/667,199 | SAY ET AL. |
| | Examiner | Art Unit |
| | Navin Natnithithadha | 3736 |

All participants (applicant, applicant's representative, PTO personnel):

(1) _Navin Natnithithadha_.                               (3)_____.

(2) _Bruce Black_.                                        (4)_____.

Date of Interview: _17 July 2002_.

Type:  a)☒ Telephonic   b)☐ Video Conference
       c)☐ Personal [copy given to: 1)☐ applicant   2)☐ applicant's representative]

Exhibit shown or demonstration conducted:  d)☐ Yes   e)☒ No.
       If Yes, brief description: _____.

Claim(s) discussed: _2-120_.

Identification of prior art discussed: _none_.

Agreement with respect to the claims f)☒ was reached.  g)☐ was not reached.  h)☐ N/A.

Substance of Interview including description of the general nature of what was agreed to if an agreement was reached, or any other comments: _Claims 2-120 were not formally cancelled by a Preliminary Amendment. However, the claims were cancelled in the Transmittal sheet of the filed application. Claims 2-120 should be cancelled in the next response to the current office action_.

(A fuller description, if necessary, and a copy of the amendments which the examiner agreed would render the claims allowable, if available, must be attached. Also, where no copy of the amendments that would render the claims allowable is available, a summary thereof must be attached.)

   i)☒ It is not necessary for applicant to provide a separate record of the substance of the interview(if box is checked).

Unless the paragraph above has been checked, THE FORMAL WRITTEN REPLY TO THE LAST OFFICE ACTION MUST INCLUDE THE SUBSTANCE OF THE INTERVIEW. (See MPEP Section 713.04). If a reply to the last Office action has already been filed, APPLICANT IS GIVEN ONE MONTH FROM THIS INTERVIEW DATE TO FILE A STATEMENT OF THE SUBSTANCE OF THE INTERVIEW. See Summary of Record of Interview requirements on reverse side or on attached sheet.

Examiner Note: You must sign this form unless it is an
Attachment to a signed Office action.                    Examiner's signature, if required

U.S. Patent and Trademark Office
PTO-413 (Rev. 03-98)                    Interview Summary                    Paper No. 6.

PUBLIC VERSION

## Summary of Record of Interview Requirements

Manual of Patent Examining Procedure (MPEP), Section 713.04, Substance of Interview Must be Made of Record
A complete written statement as to the substance of any face-to-face, video conference, or telephone interview with regard to an application must be made of record in the application whether or not an agreement with the examiner was reached at the interview.

Title 37 Code of Federal Regulations (CFR) § 1.133 Interviews
Paragraph (b)
In every instance where reconsideration is requested in view of an interview with an examiner, a complete written statement of the reasons presented at the interview as warranting favorable action must be filed by the applicant. An interview does not remove the necessity for reply to Office action as specified in §§ 1.111, 1.135, (35 U.S.C. 132)

37 CFR §1.2 Business to be transacted in writing.
All business with the Patent or Trademark Office should be transacted in writing. The personal attendance of applicants or their attorneys or agents at the Patent and Trademark Office is unnecessary. The action of the Patent and Trademark Office will be based exclusively on the written record in the Office. No attention will be paid to any alleged oral promise, stipulation, or understanding in relation to which there is disagreement or doubt.

The action of the Patent and Trademark Office cannot be based exclusively on the written record in the Office if that record is itself incomplete through the failure to record the substance of interviews.
It is the responsibility of the applicant or the attorney or agent to make the substance of an interview of record in the application file, unless the examiner indicates he or she will do so. It is the examiner's responsibility to see that such a record is made and to correct material inaccuracies which bear directly on the question of patentability.
Examiners must complete an Interview Summary Form for each interview held where a matter of substance has been discussed during the interview by checking the appropriate boxes and filling in the blanks. Discussions regarding only procedural matters, directed solely to restriction requirements for which interview recordation is otherwise provided for in Section 812.01 of the Manual of Patent Examining Procedure, or pointing out typographical errors or unreadable script in Office actions or the like, are excluded from the interview recordation procedures below. Where the substance of an interview is completely recorded in an Examiners Amendment, no separate Interview Summary Record is required.
The Interview Summary Form shall be given an appropriate Paper No., placed in the right hand portion of the file, and listed on the "Contents" section of the file wrapper. In a personal interview, a duplicate of the Form is given to the applicant (or attorney or agent) at the conclusion of the interview. In the case of a telephone or video-conference interview, the copy is mailed to the applicant's correspondence address other with or prior to the next official communication. If additional correspondence from the examiner is not likely before an allowance or if other circumstances dictate, the Form should be mailed promptly after the interview rather than with the next official communication.

The Form provides for recordation of the following information:
- Application Number (Series Code and Serial Number)
- Name of applicant
- Name of examiner
- Date of interview
- Type of interview (telephonic, video-conference, or personal)
- Name of participant(s) (applicant, attorney or agent, examiner, other PTO personnel, etc.)
- An indication whether or not an exhibit was shown or a demonstration conducted
- An identification of the specific prior art discussed
- An indication whether an agreement was reached and if so, a description of the general nature of the agreement (may be by attachment of a copy of amendments or claims agreed as being allowable). Note: Agreement as to allowability is tentative and does not restrict further action by the examiner to the contrary.
- The signature of the examiner who conducted the interview (if Form is not an attachment to a signed Office action)

It is desirable that the examiner orally remind the applicant of his or her obligation to record the substance of the interview of each case unless both applicant and examiner agree that the examiner will record same. Where the examiner agrees to record the substance of the interview, or when it is adequately recorded on the Form or in an attachment to the Form, the examiner should check the appropriate box at the bottom of the Form which informs the applicant that the submission of a separate record of the substance of the interview as a supplement to the Form is not required.

It should be noted, however, that the Interview Summary Form will not normally be considered a complete and proper recordation of the interview unless it includes, or is supplemented by the applicant or the examiner to include, all of the applicable items required below concerning the substance of the interview

A complete and proper recordation of the substance of any interview should include at least the following applicable items:
1) A brief description of the nature of any exhibit shown or any demonstration conducted,
2) an identification of the claims discussed,
3) an identification of the specific prior art discussed,
4) an identification of the principal proposed amendments of a substantive nature discussed, unless these are already described on the Interview Summary Form completed by the Examiner,
5) a brief identification of the general thrust of the principal arguments presented to the examiner,
(The identification of arguments need not be lengthy or elaborate. A verbatim or highly detailed description of the arguments is not required. The identification of the arguments is sufficient if the general nature or thrust of the principal arguments made to the examiner can be understood in the context of the application file. Of course, the applicant may desire to emphasize and fully describe those arguments which he or she feels were or might be persuasive to the examiner.)
6) a general indication of any other pertinent matters discussed, and
7) if appropriate, the general results or outcome of the interview unless already described in the Interview Summary Form completed by the examiner.

Examiners are expected to carefully review the applicant's record of the substance of an interview. If the record is not complete and accurate, the examiner will give the applicant an extendable one month time period to correct the record

### Examiner to Check for Accuracy

If the claims are allowable for other reasons of record, the examiner should send a letter setting forth the examiner's version of the statement attributed to him or her. If the record is complete and accurate, the examiner should place the indication, "Interview Record OK" on the paper recording the substance of the interview along with the date and the examiner's initials.

2

PUBLIC VERSION

# EXHIBIT H

PUBLIC VERSION

NOV-19-02  04:05PM  FROM-Merchant & Gould                    6123328361      T-735  P 002/004  F-192

11-19-02

S/N 09/667,199                                                          PATENT

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | | | |
|---|---|---|---|
| Applicant: | Say et al. | Examiner: | Natnithithadha, Navin |
| Serial No.: | 09/667,199 | Group Art Unit: | 3736 |
| Filed: | September 21, 2000 | Docket No.: | 12008.15-US-C1 |
| Title: | ANALYTE MONITORING DEVICE AND METHODS OF USE | | |

CERTIFICATE UNDER 37 CFR 1.8:
I hereby certify that this correspondence is being transmitted via facsimile to the Commissioner for Patents, TC3700 on November 14, 2002.

By:  Michele Quaranta

AMENDMENT & RESPONSE

Commissioner for Patents
Washington, D.C. 20231

Dear Sir:

This response is submitted in reply to the Office Action dated July 24, 2002, which set a shortened three-month statutory period for response expiring on October 24, 2002. Please amend the application as set forth below.

In the Specification

Please amend the specification by adding the following section immediately below the title on page 1.

Related Applications

This application is a continuation of application Serial No. 09/070,677, filed April 30, 1998, which is incorporated herein by reference.

PUBLIC VERSION

## REMARKS

Applicants thank the Examiner for the Examiner's careful review of the application.

### Rejection of Claims 121, 126, 128-130, 131, 134, and 145 under 35 U.S.C. §102(e)

Independent claims 121 and 131 (and their dependent claims 126, 128-130, and 134 and 145, respectively) were rejected under 35 U.S.C. §102(e), as being anticipated by United States Patent No. 5,711,861 ("Ward").

According to the Office Action of July 24, 2002, Ward discloses each and every element of the independent claims, including a "transcutaneous electrochemical sensor" and a "sensor control unit adapted for placement on skin and adapted for receiving a portion of the transcutaneous electrochemical sensor." In fact, Ward fails to teach either of these elements, both of which are required by independent claims 121 and 131.

Ward teaches an apparatus for monitoring analytes. The apparatus taught by Ward includes a sensor and a transmitter. The sensor and transmitter are "implanted as a single unit in the patient." See col. 7, ll. 39-40.

Applicants' claimed invention (independent claims 121 and 131) requires a _transcutaneous_ sensor, i.e., a sensor partially inserted beneath the surface of the skin and partially projecting outwardly from the patient's skin. Ward, on the other hand, teaches a sensor that is implanted entirely subcutaneously. See col. 12, ll. 27-30 (". . .The preferred location is subcutaneous."). At no point does Ward disclose or suggest a transcutaneous sensor.

Applicants' claimed invention (independent claims 121 and 131) also requires a sensor control unit adapted for placement on skin. Ward discloses a system in which each and every element (other than the remotely located receiver and computer system that analyze the analyte information) is implanted beneath the skin. No portion of the system the system taught by Ward is "adapted for placement on skin." Further, nothing in Ward suggests such a modification.

Because Ward fails to disclose or suggest either a "transcutaneous electrochemical sensor" or a "sensor control unit adapted for placement on skin," as

2

PUBLIC VERSION

NOV-14-02   04:05PM   FROM-Merchant & Gould                6123323091        T-739   P 004/004   F-976

required by each of independent claims 121 and 131, Ward cannot properly serve as a basis for the rejection of these claims under 35 U.S.C. §102(e). Accordingly, for the foregoing reasons, Applicants respectfully request reconsideration and withdrawal of the rejection of claims 121, 126, 128-130, 131, 134, and 145.

### Conclusion

Claims 146-176 are allowed. Applicants thank the Examiner. Claims 121-145 remain pending in the application. These claims are believed to be allowable for the reasons set forth above. This amendment is believed to be responsive to all points raised in the Office Action. Accordingly, Applicants respectfully request prompt reconsideration, allowance, and passage of the application to issue. Should the Examiner have any remaining questions or concerns, the Examiner is urged to contact the undersigned by telephone at the number below to expeditiously resolve such concerns.

Respectfully submitted,

MERCHANT & GOULD, P.C.
P.O. Box 2903
Minneapolis, Minnesota 55402-0903
(612) 332-5300

Dated: 14 Nov. 2002        By: 

Nicholas P. Johns
Reg. No. 48,995

3

PUBLIC VERSION

NOV-14-02   04:05PM   FROM-Merchant & Gould          6123326981      T-739  P.001/004  F-875c

# Merchant & Gould
### An Intellectual Property Law Firm

3200 IDS Center
80 South Eighth Street
Minneapolis, Minnesota
55402-2215 USA
Tel 612.332.5300
Fax 612.332.9081
www.merchant-gould.com

A Professional Corporation

**Fax Transmission** | November 14, 2002

TO:   Commissioner for Patents          FROM:  Nicholas P. Johns
      Attn: Examiner N. Namithithndha    OUR REF: 12008.15USC1
      Patent Examining Corps             PHONE: 612.371.5207
      Facsimile Center - TC3700
      Washington, D.C.  20231

FAX RECEIVED

NOV 14 2002

GROUP 3700

Total pages, including cover letter: ___4___

PTO FAX NUMBER  1-703-872-9302

If you do NOT receive all of the pages, please telephone us at 612.336.4664, or fax us at
612.332.9081.

Title of Document Transmitted:  AMENDMENT AND RESPONSE

Applicant:      SAY ET AL.
Serial No.:     09/667,199
Filed:          SEPTEMBER 21, 2000
Group Art Unit: 3736
Our Ref. No.:   12008.15USC1

Please charge Deposit Account No. 13-2725  $110.00 for 1 mo. extension of time.

Please charge any additional fees or credit overpayment to Deposit Account No. 13-2725.
Please consider this a PETITION FOR EXTENSION OF TIME for a sufficient number
of months to enter these papers, if appropriate.
                                        By: _____
                                        Name: Nicholas P. Johns
                                        Reg. No.: 48,995

I hereby certify that this paper is being transmitted by facsimile to the U.S. Patent and
Trademark Office on the date shown below.

_____                    11-14-02
Signature                              Date

Received from < 6123326981 > at 11/14/02 4:11:43 PM [Eastern Standard Time]

PUBLIC VERSION

# EXHIBIT I

PUBLIC VERSION

| Notice of Allowability | Application No. | Applicant(s) |
|---|---|---|
| | 09/667,189 | SAY ET AL |
| | Examiner | Art Unit |
| | Navin Natnithithadha | 3735 |

*— The MAILING DATE of this communication appears on the cover sheet with the correspondence address—*
All claims being allowable, PROSECUTION ON THE MERITS IS (OR REMAINS) CLOSED in this application. If not included herewith (or previously mailed), a Notice of Allowance (PTOL-85) or other appropriate communication will be mailed in due course. **THIS NOTICE OF ALLOWABILITY IS NOT A GRANT OF PATENT RIGHTS.** This application is subject to withdrawal from issue at the initiative of the Office or upon petition by the applicant. See 37 CFR 1.313 and MPEP 1308.

1. ☒ This communication is responsive to *November 14, 2002.*

2. ☒ The allowed claim(s) is/are *121-176.*

3. ☒ The drawings filed on *21 September 2000* are accepted by the Examiner.

4. ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
     a) ☐ All    b) ☐ Some*    c) ☐ None   of the:
         1. ☐ Certified copies of the priority documents have been received.
         2. ☐ Certified copies of the priority documents have been received in Application No. _____ .
         3 ☐ Copies of the certified copies of the priority documents have been received in this national stage application from the International Bureau (PCT Rule 17.2(a)).
     * Certified copies not received: _____ .

5. ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).
     (a) ☐ The translation of the foreign language provisional application has been received.

6. ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

Applicant has THREE MONTHS FROM THE "MAILING DATE" of this communication to file a reply complying with the requirements noted below. Failure to timely comply will result in ABANDONMENT of this application. **THIS THREE-MONTH PERIOD IS NOT EXTENDABLE.**

7. ☐ A SUBSTITUTE OATH OR DECLARATION must be submitted. Note the attached EXAMINER'S AMENDMENT or NOTICE OF INFORMAL PATENT APPLICATION (PTO-152) which gives reason(s) why the oath or declaration is deficient.

8. ☐ CORRECTED DRAWINGS must be submitted.
     (a) ☐ including changes required by the Notice of Draftsperson's Patent Drawing Review ( PTO-948) attached
         1) ☐ hereto or 2) ☐ to Paper No. _____ .
     (b) ☐ including changes required by the proposed drawing correction filed _____ , which has been approved by the Examiner.
     (c) ☐ including changes required by the attached Examiner's Amendment / Comment or in the Office action of Paper No. _____ .

Identifying indicia such as the application number (see 37 CFR 1.84(c)) should be written on the drawings in the top margin (not the back) of each sheet. The drawings should be filed as a separate paper with a transmittal letter addressed to the Official Draftsperson.

9. ☐ DEPOSIT OF and/or INFORMATION about the deposit of BIOLOGICAL MATERIAL must be submitted. Note the attached Examiner's comment regarding REQUIREMENT FOR THE DEPOSIT OF BIOLOGICAL MATERIAL.

Attachment(s)

| | |
|---|---|
| 1 ☐ Notice of References Cited (PTO-892) | 2 ☐ Notice of Informal Patent Application (PTO-152) |
| 3 ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948) | 4 ☐ Interview Summary (PTO-413), Paper No. _____ . |
| 6 ☐ Information Disclosure Statements (PTO-1449), Paper No. _____ | 6 ☐ Examiner's Amendment/Comment |
| 7 ☐ Examiner's Comment Regarding Requirement for Deposit of Biological Material | 8 ☐ Examiner's Statement of Reasons for Allowance |
| | 9 ☐ Other _____ |

MAX F. HINDENBURG
SUPERVISORY PATENT EXAMINER
TECHNOLOGY CENTER 3700

PUBLIC VERSION

 United States Patent and Trademark Office

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

## NOTICE OF ALLOWANCE AND FEE(S) DUE

| | |
|---|---|
| 23932   7509   11/25/2002 | **EXAMINER** |
| MERCHANT & GOULD PC | NATNITHITHADHA, NAVIN |
| P.O. BOX 2903 | |
| MINNEAPOLIS, MN 55402-0903 | |

| ART UNIT | CLASS-SUBCLASS |
|---|---|
| 3736 | 600-347-000 |

DATE MAILED: 11/25/2002

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/667,197 | 09/21/2000 | James Say | 12008.13USC1 | 1566 |

TITLE OF INVENTION: ANALYTE MONITORING DEVICE AND METHODS OF USE

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | NO | $1250 | $0 | $1250 | 02/25/2003 |

THE APPLICATION IDENTIFIED ABOVE HAS BEEN EXAMINED AND IS ALLOWED FOR ISSUANCE AS A PATENT. PROSECUTION ON THE MERITS IS CLOSED. THIS NOTICE OF ALLOWANCE IS NOT A GRANT OF PATENT RIGHTS. THIS APPLICATION IS SUBJECT TO WITHDRAWAL FROM ISSUE AT THE INITIATIVE OF THE OFFICE OR UPON PETITION BY THE APPLICANT. SEE 37 CFR 1.313 AND MPEP 1308.

THE ISSUE FEE AND PUBLICATION FEE (IF REQUIRED) MUST BE PAID WITHIN THREE MONTHS FROM THE MAILING DATE OF THIS NOTICE OR THIS APPLICATION SHALL BE REGARDED AS ABANDONED. THIS STATUTORY PERIOD CANNOT BE EXTENDED. SEE 35 U.S.C. 151. THE ISSUE FEE DUE INDICATED ABOVE REFLECTS A CREDIT FOR ANY PREVIOUSLY PAID ISSUE FEE APPLIED IN THIS APPLICATION. THE PTOL-85B (OR AN EQUIVALENT) MUST BE RETURNED WITHIN THIS PERIOD EVEN IF NO FEE IS DUE OR THE APPLICATION WILL BE REGARDED AS ABANDONED.

HOW TO REPLY TO THIS NOTICE:

I. Review the SMALL ENTITY status shown above.

If the SMALL ENTITY is shown as YES, verify your current SMALL ENTITY status:

A. If the status is the same, pay the TOTAL FEE(S) DUE shown above.

B. If the status is changed, pay the PUBLICATION FEE (if required) and twice the amount of the ISSUE FEE shown above and notify the United States Patent and Trademark Office of the change in status, or

If the SMALL ENTITY is shown as NO:

A. Pay TOTAL FEE(S) DUE shown above, or

B. If applicant claimed SMALL ENTITY status before, or is now claiming SMALL ENTITY status, check the box below and enclose the PUBLICATION FEE and 1/2 the ISSUE FEE shown above.

☐ Applicant claims SMALL ENTITY status.
See 37 CFR 1.27.

II. PART B - FEE(S) TRANSMITTAL should be completed and returned to the United States Patent and Trademark Office (USPTO) with your ISSUE FEE and PUBLICATION FEE (if required). Even if the fee(s) have already been paid, Part B - Fee(s) Transmittal should be completed and returned. If you are charging the fee(s) to your deposit account, section "4b" of Part B - Fee(s) Transmittal should be completed and an extra copy of the form should be submitted.

III. All communications regarding this application must give the application number. Please direct all communications prior to issuance to Box ISSUE FEE unless advised to the contrary.

IMPORTANT REMINDER: Utility patents issuing on applications filed on or after Dec. 12, 1980 may require payment of maintenance fees. It is patentee's responsibility to ensure timely payment of maintenance fees when due.

PTOL-85 (REV. 04-02) Approved for use through 01/31/2004.

PUBLIC VERSION

PART B - FEE(S) TRANSMITTAL

Complete and send this form, together with applicable fee(s), to: Mail    Box ISSUE FEE
Commissioner for Patents
Washington, D.C. 20231
Fax   (703)746-4000

INSTRUCTIONS: This form should be used for transmitting the ISSUE FEE and PUBLICATION FEE (if required). Blocks 1 through 4 should be completed where appropriate. All further correspondence including the Patent, Advance orders and notification of maintenance fees will be mailed to the current correspondence address as indicated unless corrected below or directed otherwise in Block 1, by (a) specifying a new correspondence address; and/or (b) indicating a separate "FEE ADDRESS" for maintenance fee notifications.

| | | |
|---|---|---|
| 23935    7590    11/03/2003 | Note: A certificate of mailing can only be used for domestic mailings of the Fee(s) Transmittal. This certificate cannot be used for any other accompanying papers. Each additional paper, such as an assignment or formal drawing, must have its own certificate of mailing or transmission. | |
| MERCHANT & GOULD PC P.O. BOX 2903 MINNEAPOLIS, MN 55402-0903 | Certificate of Mailing or Transmission I hereby certify that this Fee(s) Transmittal is being deposited with the United States Postal Service with sufficient postage for first class mail in an envelope addressed to the Box Issue Fee address above, or being facsimile transmitted to the USPTO, on the date indicated below. | |
| | | (Depositor's name) |
| | | (Signature) |
| | | (Date) |

| APPLICATION NO | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO | CONFIRMATION NO |
|---|---|---|---|---|
| 09/407,199 | 07/21/2003 | James Say | 12660.101USC1 | 1506 |

TITLE OF INVENTION: ANALYTE MONITORING DEVICE AND METHODS OF USE

| APPLN. TYPE | SMALL ENTITY | ISSUE FEE | PUBLICATION FEE | TOTAL FEE(S) DUE | DATE DUE |
|---|---|---|---|---|---|
| nonprovisional | NO | $1250 | $0 | $1250 | 02/24/2003 |

| EXAMINER | ART UNIT | CLASS-SUBCLASS |
|---|---|---|
| NATNITHITHADHA, NAVIN | 3736 | 600-345/000 |

1. Change of correspondence address or indication of "Fee Address" (37 CFR 1.363).

☐ Change of correspondence address (or Change of Correspondence Address form PTO/SB/122) attached.

☐ "Fee Address" indication (or "Fee Address" Indication form PTO/SB/47; Rev 03-02 or more recent) attached. Use of a Customer Number is required.

2. For printing on the patent front page, list (1) the names of up to 3 registered patent attorneys or agents OR, alternatively, (2) the name of a single firm (having as a member a registered attorney or agent) and the names of up to 2 registered patent attorneys or agents. If no name is listed, no name will be printed.

1. _____
2. _____
3. _____

3. ASSIGNEE NAME AND RESIDENCE DATA TO BE PRINTED ON THE PATENT (print or type)

PLEASE NOTE: Unless an assignee is identified below, no assignee data will appear on the patent. Inclusion of assignee data is only appropriate when an assignment has been previously submitted to the USPTO or is being submitted under separate cover. Completion of this form is NOT a substitute for filing an assignment.

(A) NAME OF ASSIGNEE                    (B) RESIDENCE: (CITY and STATE OR COUNTRY)

Please check the appropriate assignee category or categories (will not be printed on the patent)    ☐ Individual    ☐ corporation or other private group entity    ☐ government

4a. The following fee(s) are enclosed:                4b. Payment of Fee(s):
☐ Issue Fee                                            ☐ A check in the amount of the fee(s) is enclosed.
☐ Publication Fee                                      ☐ Payment by credit card. Form PTO-2038 is attached.
☐ Advance Order - # of Copies _____                 ☐ The Commissioner is hereby authorized to charge the required fee(s), or credit any overpayment, to Deposit Account Number _____ (enclose an extra copy of this form).

Commissioner for Patents is requested to apply the Issue Fee and Publication Fee (if any) or to re-apply any previously paid issue fee to the application identified above.

(Authorized Signature)                    (Date)

NOTE: The Issue Fee and Publication Fee (if required) will not be accepted from anyone other than the applicant; a registered attorney or agent; or the assignee or other party in interest as shown by the records of the United States Patent and Trademark Office.

This collection of information is required by 37 CFR 1.311. The information is required to obtain or retain a benefit by the public which is to file (and by the USPTO to process) an application. Confidentiality is governed by 35 U.S.C. 122 and 37 CFR 1.14. This collection is estimated to take 12 minutes to complete, including gathering, preparing, and submitting the completed application form to the USPTO. Time will vary depending upon the individual case. Any comments on the amount of time you require to complete this form and/or suggestions for reducing this burden, should be sent to the Chief Information Officer, U.S. Patent and Trademark Office, U.S. Department of Commerce, Washington, D.C. 20231. DO NOT SEND FEES OR COMPLETED FORMS TO THIS ADDRESS. SEND TO: Commissioner for Patents, Washington, DC 20231.

Under the Paperwork Reduction Act of 1995, no persons are required to respond to a collection of information unless it displays a valid OMB control number.

TRANSMIT THIS FORM WITH FEE(S)

PUBLIC VERSION

# EXHIBIT J

PUBLIC VERSION

LEXSEE

**ALLOC, INC., a Delaware corporation, et al., Plaintiffs, v. UNILIN DECOR N.V., a Belgian company, et al., Defendants.**

**Civil Action No. 03-253-GMS**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

**2003 U.S. Dist. LEXIS 11917**

**July 11, 2003, Decided**

**DISPOSITION:** [*1] Defendants' motion to stay litigation granted. Plaintiffs' motion to strike portions of answer and complaint dismissed, without prejudice.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiffs, patent holders, brought a complaint alleging patent infringement against defendants, floor companies. Before the court was the companies' motion to stay litigation of the '579 patent pending the completion of both the '621 reexamination proceedings and the United States Federal Circuit's decision on the '267, '907, and '410 patents.

**OVERVIEW:** In the present case, the '579 patent was the only patent in dispute. However it was the latest of the continuation patents that stemmed from the original '621 patent. The '579 patent had never been reviewed by the United States Patent and Trademark Office, the International Trade Commission, or any other court. Even though the '579 patent did not contain precisely the same claims of the other patents that were under review or reexamination, there was a sufficient correlation among all of the patents for the court to conclude that a stay was appropriate. With regard to the issue of efficiency, it was beyond dispute that the court would benefit from a narrowing of the numerous complex issues relating to claims, which, if clearly defined, would streamline discovery and subsequent litigation. To this end, the reexamination of the '621 patent would greatly serve the purpose of defining the issues in this case. The court found that a stay would not unduly burden the patent holders' case as the stay would then be of short duration. The court noted that discovery had not yet begun, nor had a discovery schedule been entered at this time. Likewise, the court had not yet set a trial date.

**OUTCOME:** The floor companies' motion to stay pending the reexamination was granted. The floor companies'

motion to strike portions of the answer and complaint was without prejudice.

**CORE TERMS:** patent, reexamination, discovery, infringement, unduly, motion to stay, additionally, continuation, issues relating, subject matter, trial date, disadvantage, tactical, collectively, infringed, asserting, infringe, latest

**LexisNexis(R) Headnotes**

*Patent Law > Remedies > Collateral Assessments > Costs*
*Civil Procedure > Entry of Judgments > Stay of Proceedings & Supersedeas*
[HN1] The decision to stay a case is firmly within the discretion of the court. This authority applies equally to patent cases in which a reexamination by the United States Patent and Trademark Office (PTO) has been requested. Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination. In passing legislation establishing the reexamination proceeding, Congress stated its approval of district courts liberally granting stays within their discretion. In determining whether a stay is appropriate, courts are directed to consider the following factors: (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.

*Patent Law > U.S. Patent & Trademark Office Proceedings > Continuation Applications > Priority*
*Patent Law > Date of Invention & Priority > General Overview*

*Patent Law > Jurisdiction & Review > Subject Matter Jurisdiction > Appeals*

[HN2] A continuing application is one filed during the pendency of another application which contains at least part of the disclosure of the other application and names at least one inventor in common with that application. Thus, a continuation application claims the same invention claimed in an earlier application, although there may be some variation in the scope of the subject matter claimed.

**COUNSEL:** For Alloc Inc, Berry Finance NV, Valinge Aluminium AB, PLAINTIFFS: Francis Digiovanni, Connolly, Bove, Lodge & Hutz, Wilmington, DE USA.

For Unilin Decor NV, Quick-Step Flooring Inc, DEFENDANTS: Richard L Horwitz, David Ellis Moore, Potter Anderson & Corroon, LLP, Wilmington, DE USA.

For Unilin Decor NV, COUNTER-CLAIMANT: Richard L Horwitz, Potter Anderson & Corroon, LLP, Wilmington, DE USA.

For Unilin Decor NV, Quick-Step Flooring Inc, COUNTER-CLAIMANTS: David Ellis Moore, Potter Anderson & Corroon, LLP, Wilmington, DE USA.

For Alloc Inc, Berry Finance NV, Valinge Aluminium AB, COUNTER-DEFENDANTS: Francis Digiovanni, Connolly, Bove, Lodge & Hutz, Wilmington, DE USA.

**JUDGES:** Gregory M. Sleet, UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** Gregory M. Sleet

**OPINION:**

### MEMORANDUM AND ORDER

### I. INTRODUCTION

On March 5, 2003, Alloc, Inc. ("Alloc"), Berry Finance N.V. ("Berry"), and Valinge [*2] Aluminum AB, ("Valinge") (collectively "the plaintiffs") filed a complaint against Unilin Decor, N.V. ("Unilin") and Quick-Step Flooring, Inc. ("Quick-Step") (collectively "the defendants") alleging infringement of U.S. Patent No. 6,516,579 ("the '579 patent"). The '579 patent is the latest in a series of continuation patents that include U.S. Patent Nos. 5,706,621 ("the '621 patent"), 5,860,267 ("the '267 patent"), 6,023,907 ("the '907 patent"), and 6,182,410 ("the '410 patent").

The '621 patent is currently undergoing reexamination in the United States Patent and Trademark Office ("PTO"). Additionally, the Federal Circuit is considering infringement issues with regard to the '267, '907, and '410 patents after the International Trade Commission ("ITC") rendered a non-infringement decision in favor of Unilin and against the plaintiffs.

Presently before the court is the defendant's motion to stay litigation of the '579 patent pending the completion of both the '621 reexamination proceedings and the Federal Circuit's decision on the '267, '907, and '410 patents. After consideration of each of the factors involved, and for the reasons detailed below, the court will grant the motion [*3] to stay.

### II. BACKGROUND

The parties involved in the present action have attempted to resolve their patent infringement issues in many different forums, both in the United States and in Europe. Specifically, in July 2000, Pergo Inc. ("Pergo"), Unilin's licensee, brought a declaratory action in the District of Columbia with regard to the '267, '907, and '621 patents in response to the plaintiffs' threats of infringement litigation. Pergo additionally filed a request for reexamination of the '621 patent in the PTO. This reexamination is currently ongoing. The plaintiffs subsequently filed a complaint in the Eastern District of Wisconsin asserting that Pergo and Unilin infringed the '267 and '907 patents. In response, Unilin filed its own declaratory judgment action in the District of Columbia, alleging that its product did not infringe the '267, '907, and '621 patents.

In December 2000, the plaintiffs initiated a proceeding in the ITC asserting that Unilin infringed the '267, '907, and '410 patents. Upon the filing of the ITC action, all of the district court actions between the two parties concerning the alleged infringement of the '267, '907, and '410 patents were stayed [*4] pursuant to 28 U.S.C. § 1659. In November 2001, an ITC Administrative Law Judge ("ALJ") issued a decision finding that Unilin did not infringe the '267, '907, or '410 patents. The ITC affirmed the ALJ's decision in April 2002. The plaintiffs then appealed to the Federal Circuit, which heard oral argument on that case in March 2003. No decision has yet issued.

In the present case, the '579 patent is the only patent in dispute. However, as the court noted above, it is the latest of the continuation patents that stem from the original '621 patent. The '579 patent has never been reviewed by the PTO, the ITC, or any other court.

### III. DISCUSSION

[HN1] The decision to stay a case is firmly within the discretion of the court. *See Cost Bros., Inc. v. Travelers Indem. Co.,* 760 F.2d 58, 60 (3d Cir. 1985). This au-

Case 1:05-cv-00590-GMS     Document 48-3     Filed 04/06/2006     Page 35 of 41

PUBLIC VERSION                2003 U.S. Dist. LEXIS 11917, *

thority applies equally to patent cases in which a reexamination by the PTO has been requested. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (noting that "courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination. [*5] ") (internal citations omitted); *see also Emhart Indus. v. Sankyo Seiki Mfg.*, 1987 U.S. Dist. LEXIS 15033, 3 U.S.P.Q.2d 1889, 1890 (N.D. Ill. 1987) (recognizing that, "in passing legislation establishing the reexamination proceeding, Congress stated its approval of district courts liberally granting stays within their discretion."); *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983) (citing legislative history of reexamination statute).

In determining whether a stay is appropriate, courts are directed to consider the following factors: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Xerox Corp. v. 3 Comm Corp.*, 69 F. Supp.2d 404, 406 (W.D.N.Y. 1999) (citing cases); *cf. United Sweetner USA, Inc. v. Nutrasweet Co.*, 766 F. Supp. 212, 217 (D. Del. 1991) (stating a similar test).

In opposition to the defendants' motion to stay, the plaintiffs first argue that, since the '579 patent itself is not at issue [*6] in the reexamination proceedings, or in the Federal Circuit appeal, there is no need to stay the case before this court. *See* D.I. 21 at 7. The court must disagree because the plaintiffs cannot credibly argue that the patents are not alike in subject matter, as well as in many of their claims. This is so because, in general, [HN2] "a continuing application is one filed during the pendency of another application which contains at least part of the disclosure of the other application and names at least one inventor in common with that application." *Transco Products, Inc. v. Performance Contracting, Inc.*, 38 F.3d 551, 555 (Fed. Cir. 1994). Thus, a continuation application "claims the same invention claimed in an earlier application, although there may be some variation in the scope of the subject matter claimed." *Id.* Indeed, the plaintiffs themselves admit that the patents in question do have some terms in common. *See* D.I. 21 at 10. Therefore, even though the '579 patent does not contain precisely the same claims of the other patents that are under review or reexamination, there is a sufficient correlation among all of the patents for the court to conclude that a [*7] stay is appropriate.

Additionally, with regard to the issue of efficiency, it is beyond dispute that the court would benefit from a narrowing of the numerous complex issues relating to claims, which, if clearly defined, would streamline discovery and subsequent litigation. To this end, the reexamination of the '621 patent will greatly serve the purpose of defining the issues in this case. For example, the court will gain the benefit of the PTO's particular expertise in evaluating the prior art. *See Pegasus Development Corp. v. DirecTV, Inc.*, 2003 U.S. Dist. LEXIS 8052, 2003 WL 21105073, *2 (D. Del. May 14, 2003) (citations omitted). Likewise, the court will also benefit from the reexamination process in that (1) many discovery issues relating to prior art may be alleviated; (2) the record of the reexamination likely would be entered at trial; (3) the issues, defenses, and evidence will be more easily limited in pre-trial conferences following a reexamination; and (4) the outcome of the reexamination process may encourage a settlement without further involvement of the court. *Id.* (citations omitted). Such a refinement of the issues will benefit both parties by reducing litigation costs. [*8] *See id.* This approach will also best conserve the court's scarce resources. *See id.* Similar benefits will likewise flow from the Federal Circuit's analysis of the '267, '907, and '410 patents.

The plaintiffs alternatively contend that the motion is premature because the two proceedings that have a potential impact on this case may be decided well before this case reaches the claim interpretation stage. *See* D.I. 21 at 5. However, if the decisions of the PTO and Federal Circuit are imminent, as the plaintiffs suggest, a stay at this time would not unduly burden their case as the stay would then be of short duration.

Finally, the court notes that discovery in this case has not yet begun, nor has a discovery schedule been entered at this time. Likewise, the court has not yet set a trial date. Therefore, the stay will be entered before any party incurs substantial litigation-related expenses.

## IV. CONCLUSION

In light of the above considerations, the court concludes that a stay at this point in the case would not unduly prejudice the plaintiffs or create for them a clear tactical disadvantage. Indeed, a stay will allow the issues before the court to be further simplified [*9] and defined to the benefit of the parties, as well as the court.

For the foregoing reasons, IT IS HEREBY ORDERED that:

> 1. The Defendants' Motion to Stay Pending the Reexamination by the U.S. Patent and Trademark Office and Ruling by the United States Court of Appeals for the Federal Circuit (D.I. 15) is GRANTED.

PUBLIC VERSION                    2003 U.S. Dist. LEXIS 11917, *

2. The parties shall advise the court of any decision that results from the PTO's reexamination of the '621 patent and any decision that results from the Federal Circuit's consideration of the '267, '907, and '410 patents within thirty (30) days of the date of each decision.

3. The Plaintiffs' Motion to Strike Portions of the Answer and Complaint (D.I.

11) is DISMISSED, without prejudice, and with leave to re-file should it become necessary following the stay.

Dated: July 11, 2003

Gregory M. Sleet

UNITED STATES DISTRICT JUDGE

PUBLIC VERSION

# EXHIBIT K

PUBLIC VERSION

LEXSEE

**COGNEX CORPORATION, Plaintiff, v. NATIONAL INSTRUMENTS CORPORATION, Defendant.**

Civil Action No. 00-442-JJF

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

2001 U.S. Dist. LEXIS 25555

June 29, 2001, Decided

**DISPOSITION:** [*1] Cognex Corporation's Motion To Stay Or, In Alternative, For Extension Of Deadlines In Case DENIED.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff claimant filed a patent infringement action against defendant corporation. The claimant requested a stay or in the alternative, a three month delay in the proceedings because it had requested a reexamination of the patent by the United States Patent and Trademark Office (PTO).

**OVERVIEW:** The claimant advised the court by letter that the PTO granted its request for reexamination of the patent at issue, and asserted that reexamination of the patent would narrow and or resolve the issues in the case. The corporation argued that a stay would cause it severe prejudice. The court ruled that a stay and or extension was not warranted in the present case. The claimant could not demonstrate a clear case of hardship or inequity, and the corporation would be prejudiced if the court were to grant a stay. Discovery was scheduled to close on May 4, 2001, less than three weeks before the claimant filed the instant motion to stay, and trial was scheduled for October 23, 2001. The parties had conducted extensive discovery in Delaware, California, Texas, Washington, D.C., and Massachusetts based on a schedule coinciding with the October 23 trial date. Given the current time tables for action in the PTO, the court believed that the trial in the present case would likely be completed prior to any action by the PTO. Also, any hardship incurred by the claimant as a result of its request for reexamination was in part a result of the claimant's own making.

**OUTCOME:** The motion to stay or in the alternative, for an extension of deadlines, was denied.

**CORE TERMS:** reexamination, trial date, discovery, hardship, scheduled, clear case, inequity, requesting, patent infringement, simplify, disputed, patent, reasons discussed

**LexisNexis(R) Headnotes**

*Civil Procedure > Entry of Judgments > Stay of Proceedings & Supersedeas*
[HN1] The decision to grant or deny a stay is within the court's broad range of discretionary powers.

*Civil Procedure > Entry of Judgments > Stay of Proceedings & Supersedeas*
[HN2] In determining whether a stay is appropriate, the court should weigh the competing interests of the parties and attempt to maintain an even balance. In weighing the interests involved, courts are generally guided by such factors as (1) whether a stay will unduly prejudice or present a clear tactical advantage to the non-movant; (2) whether a stay will simplify the issues raised by the parties; and (3) whether discovery is complete and a trial date has been set. In balancing these factors, courts must be particularly mindful of the consequences of the stay on other parties.

*Civil Procedure > Entry of Judgments > Stay of Proceedings & Supersedeas*
[HN3] Where a stay will forestall the trial date agreed upon by the parties, the court has required the party requesting the stay to make a showing of "a clear case of hardship or inequity" before the court can enter a stay order.

**COUNSEL:** Neal C. Belgam, Esquire and Dale R. Dube', Esquire of BLANK ROME COMISKY & McCAULEY LLP, Wilmington, Delaware.

Of counsel: George M. Sirilla, Esquire; G. Paul Edgell, Esquire; and William P. Atkins, Esquire of PILLSBURY WINTHROP LLP, Washington, D.C. Attorneys for Plaintiff.

William J. Marsden, Jr., Esquire and John T. Meli, Jr., Esquire of FISH & RICHARDSON P.C., Wilmington, Delaware.

Of counsel: Frank E. Scherkenbach, Esquire; David M. Barkan, Esquire; and John V. Picone III, Esquire of FISH & RICHARDSON P.C., Menlo Park, California. Attorneys for Defendant.

**JUDGES:** Joseph Farnan, UNITED STATES DISTRICT JUDGE.

**OPINIONBY:** Joseph Farnan

**OPINION:**

### MEMORANDUM OPINION

Wilmington, Delaware

**Farnan, District Judge.**

Pending before the Court in this patent infringement action is Cognex Corporation's Motion To Stay Or, In The Alternative, For An Extension Of The Deadlines In This Case (D.I. 84). By its Motion, Plaintiff, Cognex Corporation ("Cognex"), requests a stay or, in the alternative, a three month delay in the proceedings in this case, [*2] because it has requested a reexamination of the patent in suit by the United States Patent and Trademark Office ("PTO"). By letter dated May 29, 2001, Cognex advised the Court that the PTO granted Cognex's request for reexamination of United States Patent No. 5,481,712 (the "'712 Patent"). Cognex contends that reexamination of the '712 Patent will narrow and/or resolve the issues in this case. Specifically, Cognex contends that if the '712 Patent is declared unpatentable, it is likely that the patent litigation will be dismissed. On the other hand, if the PTO finds the '712 Patent patentable over the prior art, Cognex contends that the PTO decision might encourage the parties to settle this action.

Defendant, National Instruments Corporation ("National Instruments"), opposes any stay in this case. Specifically, National Instruments contends that a stay would cause National Instruments severe prejudice because: (1) the litigation schedule and trial date would be delayed causing National Instruments additional expense; (2) Cognex would be able to continue to hold the specter of litigation over National Instruments and its customers; and (3) Cognex has already forced National Instruments [*3] to spend over a million dollars defending itself in this action before requesting the stay, despite the fact that Cognex had the materials necessary to seek reexamination earlier.

After reviewing the parties' positions with respect to the instant motion and the applicable law, the Court concludes that a stay and/or extension is not warranted in this case. Accordingly, for the reasons discussed, the Court will deny Cognex's Motion To Stay Or, In The Alternative, For An Extension Of The Deadlines In This Case.

### DISCUSSION

[HN1] The decision to grant or deny a stay is within the court's broad range of discretionary powers. Dentsply International, Inc. v. Kerr Manufacturing Co., 734 F. Supp. 656, 658 (D. Del. 1990) (citations omitted). [HN2] In determining whether a stay is appropriate, the court should "weigh the competing interests of the parties and attempt to maintain an even balance." Id. In weighing the interests involved, courts are generally guided by such factors as (1) whether a stay would unduly prejudice or present a clear tactical advantage to the non-movant; (2) whether a stay will simplify the issues raised by the parties; and (3) whether discovery is complete [*4] and a trial date has been set. Gioello Enterprises Ltd. v. Mattel, Inc., 2001 WL 125340 (D. Del. Jan. 29, 2001); United Sweetener USA, Inc. v. Nutrasweet Co., 766 F. Supp. 212, 217 (D. Del. 1991). In balancing these factors, courts must be particularly mindful of the consequences of the stay on other parties. Dentsply International, 734 F. Supp. at 658 (recognizing that Court must consider whether "there is 'even a fair possibility' that the stay would work damage on another party") (citations omitted). [HN3] Where a stay will forestall the trial date agreed upon by the parties, this Court has required the party requesting the stay to "make a showing of 'a clear case of hardship or inequity' before the Court can enter a stay order." Id. (citing Gold v. Johns-Manville Sales Corp., 723 F.2d 1068, 1076 (3d Cir. 1983)).

In this case, discovery was scheduled to close on May 4, 2001, less than three weeks before Cognex filed the instant Motion To Stay, and trial is scheduled for October 23, 2001. n1 Accordingly, Cognex must demonstrate a clear case of hardship or inequity before the Court will enter an order staying this [*5] action.

---

n1 Although discovery has since been extended until July 2001 by stipulation between the

2001 U.S. Dist. LEXIS 25555, *

parties (D.I. 106), the trial date in this case has not been changed.

After reviewing the parties' arguments, the Court concludes that Cognex cannot demonstrate a clear case of hardship or inequity, and that National Instruments would be prejudiced if the Court were to grant a stay in this case. Cognex primarily contends that reexamination will simplify the issues in this case such that the litigation may be settled or dismissed and the parties' expenses significantly reduced. However, as National Instruments points out, Cognex's complaint alleges a variety of claims which are not linked to the patent infringement claim, including claims of copyright and trademark infringement and unfair competition, all of which will require a trial.

In addition, Cognex contends that the reexamination may result in changed claims, which would cause this action to be litigated twice, wasting the Court's and the parties' resources. [*6] However, the Court is unpersuaded by Cognex's contention. The trial in this case is scheduled for October 2001, and the PTO granted Cognex's request for reexamination in May 2001. Although Cognex disputes the figures provided by National Instruments concerning the pendency of applications in the PTO because National Instruments relies on original applications rather than reexamination applications, even Cognex's figures suggest that the median reexamination time is 16 months. Thus, given the current time tables for action in the PTO, the Court believes that the trial in this case will likely be completed prior to any action by the PTO. (D.I. 87 at Exh. G; D.I. 94, Exh. D).

Further, any hardship incurred by Cognex as a result of its request for reexamination is, in part, a result of Cognex's own making. National Instruments contends and Cognex has not disputed, that Cognex has had at least some of the documents it presented to the PTO in its request for reexamination for quite some time. National Instruments identified specific prior art references in its Answer to the Complaint in June 2000, yet Cognex waited until six months before the scheduled trial date in this case to seek reexamination [*7] of the '712 Patent. n2 Accordingly, the Court cannot conclude that Cognex has demonstrated a clear case of hardship or inequity justifying a stay in this case. Dentsply, 734 F. Supp. at 659 ("The Court will not elevate [a party's] failure to address its concerns in a timely fashion to an example of hardship warranting a stay."); see also Remington Arms Company, Inc. v. Modern Muzzleloading, Inc., 1998 U.S. Dist. LEXIS 21526, 1998 WL 1037920 (D.N.C. Dec. 17, 1998) (denying stay where trial date set and defendant's delay in requesting reexamination with PTO was unjustified given that defendant knew of the prior art

forming its request for reexamination well prior to its reexamination request).

> n2 Although Cognex contends that National Instruments did not produce many of these documents until much later, National Instruments also contends and Cognex has not disputed, that some of the documents Cognex presented to the PTO were in Cognex's possession as early as 1990, well before the inception of this litigation. Thus, it appears to the Court that Cognex still could have filed its request for reexamination at an earlier date.

[*8]

Moreover, given the late stage of Cognex's request, the Court finds that any delay in the trial date scheduled for this case would severely prejudice National Instruments. The parties have conducted extensive discovery in Delaware, California, Texas, Washington, D.C. and Massachusetts based on a schedule coinciding with the October 23 trial date. National Instruments has scheduled its experts and made trial support accommodations in Delaware based upon the October 23 trial date. Any deviation from the October trial date at this late stage in the litigation would necessarily prejudice National Instruments. See Wayne Automation Corp. v. R.A. Pearson Co., 782 F. Supp. 516 (E.D. Wash. 1991) (denying plaintiff's motion for stay where parties conducted extensive discovery and trial date was set). Accordingly the Court will deny Cognex's request for a stay.

As for Cognex's request for alternative relief in the form of a three month extension, the Court notes that the discovery deadlines in this case have been extended by stipulation of the parties. This scheduling extension should address Cognex's time concerns without necessitating a change in the October 2001 trial date. [*9] Accordingly, at this time, the Court will deny Cognex's request for a three month extension.

## CONCLUSION

For the reasons discussed, Cognex Corporation's Motion To Stay Or, In The Alternative, For An Extension Of The Deadlines In This Case will be denied.

An appropriate Order will be entered.

## ORDER

At Wilmington, this 29 day of June 2001, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that Cognex Corporation's Motion To Stay Or, In The Alternative, For An

PUBLIC VERSION                2001 U.S. Dist. LEXIS 25555, *

Extension Of The Deadlines In This Case (D.I. 84) is     Joseph Farnan
DENIED.                                                    UNITED STATES DISTRICT JUDGE