IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ABBOTT DIABETES CARE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-590 (GMS) |
| | ) | |
| DEXCOM, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ABBOTT DIABETES CARE, INC.'S AMENDED COMPLAINT

Plaintiff Abbott Diabetes Care, Inc. ("Abbott"), for its Amended Complaint, alleges as follows:

### Nature of Action

1. This is an action for patent infringement involving United States Patent Nos. 6,175,752 (the "'752 patent"), 6,284,478 (the "'478 patent"), 6,329,161 (the "'161 patent") 6,565,509 (the "'509 patent"), 6,990,366 (the "'366 patent"), 5,899,855 (the "'855 patent"), and 6,134,461 (the "'461 patent") (collectively referred to as "Abbott patents"), which relate to glucose monitoring devices, systems, and methods.

### Jurisdiction and Venue

2. Jurisdiction for this action is based on 28 U.S.C. §§ 1331 and 1338(a).

3. Venue is proper under 28 U.S.C. §§ 1391(b), (c) and (d) and 1400(b).

4. This Court has personal jurisdiction over the Defendant because, among other things, the Defendant is organized under the laws of Delaware.

**Parties**

5. Abbott is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in Alameda, California.

6. DexCom, Inc. ("DexCom") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in San Diego, California.

**Background**

7. Abbott owns the seven patents listed in paragraph 1, which cover medical devices, systems, and methods for monitoring glucose levels in humans.

8. On January 16, 2001, the United States Patent and Trademark Office ("PTO") duly and legally issued the '752 patent, which is entitled "Analyte Monitoring Device and Methods of Use." Abbott (formally "Therasense, Inc.") is the assignee and owner of the '752 patent and accordingly has the right to sue for infringement. A true and correct copy of the '752 patent is attached hereto as Exhibit A.

9. On September 4, 2001, the PTO duly and legally issued the '478 patent, which is entitled "Subcutaneous Glucose Electrode." Abbott is the assignee and owner of the '478 patent and accordingly has the right to sue for infringement. A true and correct copy of the '478 patent is attached hereto as Exhibit B.

10. On December 11, 2001, the PTO duly and legally issued the '161 patent, which is entitled "Subcutaneous Glucose Electrode." Abbott is the assignee and owner of the '161 patent and accordingly has the right to sue for infringement. A true and correct copy of the '161 patent is attached hereto as Exhibit C.

11. On May 20, 2003, the PTO duly and legally issued the '509 patent, which is entitled "Analyte Monitoring Device and Methods of Use." Abbott is the assignee and owner

of the '509 patent and accordingly has the right to sue for infringement. A true and correct copy of the '509 patent is attached hereto as Exhibit D.

12. On October 17, 2000, the PTO duly and legally issued the '461 patent, which is entitled "Electrochemical Analyte." Abbott is the assignee and owner of the '461 patent and accordingly has the right to sue for infringement. A true and correct copy of the '461 patent is attached hereto as Exhibit E.

13. On January 24, 2006, the PTO duly and legally issued the '366 patent, which is entitled "Analyte Monitoring Device and Methods of Use." Abbott is the assignee and owner of the '366 patent and accordingly has the right to sue for infringement. A true and correct copy of the '366 patent is attached hereto as Exhibit F.

14. On May 4, 1999, the PTO duly and legally issued the '855 patent, which is entitled "Modular Microprocessor-Based Health Monitoring System." Abbott is the exclusive licensee of the '855 patent and accordingly has the right to sue for infringement. A true and correct copy of the '855 patent is attached hereto as Exhibit G.

15. On March 27, 2006, DexCom received FDA approval to market its STS™ Continuous Glucose Monitoring System. DexCom has made, used, offered for sale and sold its STS device in the United States continuously since that date.

16. DexCom has been aware of the Abbott patents for a long time and, despite that fact, has continued to develop its product, has continued to promote its product, and has commercially launched its product.

17. Prior to launching its product, DexCom attended at least two trade shows where it publicized and displayed its product. Upon information and belief, the products

DexCom displayed at the trade shows were manufactured for the purpose of showcasing at the trade shows rather than for the purpose of gathering information for submission to the FDA.

## COUNT I

### Patent Infringement - The '752 Patent

18. Abbott re-alleges and incorporates herein the allegations of paragraphs 1 through 17.

19. DexCom has, in violation of 35 U.S.C. § 271(a), directly infringed the '752 patent, by making, using, offering to sell and selling its STS™ Continuous Glucose Monitoring System.

20. DexCom has, in violation of 35 U.S.C. § 271(b), actively and knowingly induced and is actively and knowingly inducing the direct infringement of the '752 patent by intentionally aiding and betting third parties' use, offer for sale and/or sale of the invention of the '752 patent through its advertising, marketing, sales, distribution, and dissemination of information concerning DexCom's STS™ Continuous Glucose Monitoring System.

21. Upon information and belief, DexCom had and has actual knowledge of the '752 patent, and DexCom has infringed and is infringing this patent with knowledge of Abbott's rights and without a reasonable basis for believing that DexCom's conduct is lawful.

22. Upon information and belief, DexCom's actions have been willful and deliberate.

## COUNT II

### Patent Infringement - The '478 Patent

23. Abbott re-alleges and incorporates herein the allegations of paragraphs 1 through 17.

24. DexCom has, in violation of 35 U.S.C. § 271(a), directly infringed the '478 patent, by making, using, offering to sell and selling its STS™ Continuous Glucose Monitoring System.

25. DexCom has, in violation of 35 U.S.C. § 271(b), actively and knowingly induced and is actively and knowingly inducing the direct infringement of the '478 patent by intentionally aiding and betting third parties' use, offer for sale and/or sale of the invention of the '478 patent through its advertising, marketing, sales, distribution, and dissemination of information concerning DexCom's STS™ Continuous Glucose Monitoring System.

26. Upon information and belief, DexCom had and has actual knowledge of the '478 patent, and DexCom has infringed and is infringing this patent with knowledge of Abbott's rights and without a reasonable basis for believing that DexCom's conduct is lawful.

27. Upon information and belief, DexCom's actions have been willful and deliberate.

## COUNT III

### Patent Infringement - The '161 Patent

28. Abbott re-alleges and incorporates herein the allegations of paragraphs 1 through 17.

29. DexCom has, in violation of 35 U.S.C. § 271(a), directly infringed the '161 patent, by making, using, offering to sell and selling its STS™ Continuous Glucose Monitoring System.

30. DexCom has, in violation of 35 U.S.C. § 271(b), actively and knowingly induced and is actively and knowingly inducing the direct infringement of the '161 patent by intentionally aiding and betting third parties' use, offer for sale and/or sale of the invention of the

'161 patent through its advertising, marketing, sales, distribution, and dissemination of information concerning DexCom's STS™ Continuous Glucose Monitoring System.

31. Upon information and belief, DexCom had and has actual knowledge of the '161 patent, and DexCom has infringed and is infringing this patent with knowledge of Abbott's rights and without a reasonable basis for believing that DexCom's conduct is lawful.

32. Upon information and belief, DexCom's actions have been willful and deliberate.

## COUNT IV

### Patent Infringement - The '509 Patent

33. Abbott re-alleges and incorporates herein the allegations of paragraphs 1 through 17.

34. DexCom has, in violation of 35 U.S.C. § 271(a), directly infringed the '509 patent, by making, using, offering to sell and selling its STS™ Continuous Glucose Monitoring System.

35. DexCom has, in violation of 35 U.S.C. § 271(b), actively and knowingly induced and is actively and knowingly inducing the direct infringement of the '509 patent by intentionally aiding and betting third parties' use, offer for sale and/or sale of the invention of the '509 patent through its advertising, marketing, sales, distribution, and dissemination of information concerning DexCom's STS™ Continuous Glucose Monitoring System.

36. Upon information and belief, DexCom had and has actual knowledge of the '509 patent, and DexCom has infringed and is infringing this patent with knowledge of Abbott's rights and without a reasonable basis for believing that DexCom's conduct is lawful.

37. Upon information and belief, DexCom's actions have been willful and deliberate.

## COUNT V

### Patent Infringement - The '461 Patent

38. Abbott re-alleges and incorporates herein the allegations of paragraphs 1 through 17.

39. DexCom has, in violation of 35 U.S.C. § 271(a), directly infringed the '461 patent, by making, using, offering to sell and selling its STS™ Continuous Glucose Monitoring System in the United States.

40. DexCom has, in violation of 35 U.S.C. § 271(b), actively and knowingly induced and is actively and knowingly inducing the direct infringement of the '461 patent by intentionally aiding and betting third parties' use, offer for sale and/or sale of the invention of the '461 patent through its advertising, marketing, sales, distribution, and dissemination of information concerning DexCom's STS™ Continuous Glucose Monitoring System.

41. Upon information and belief, DexCom had and has actual knowledge of the '461 patent, and DexCom has infringed and is infringing this patent with knowledge of Abbott's rights and without a reasonable basis for believing that DexCom's conduct is lawful.

42. Upon information and belief, DexCom's actions have been willful and deliberate.

## COUNT VI

### Patent Infringement - The '366 Patent

43. Abbott re-alleges and incorporates herein the allegations of paragraphs 1 through 17.

44. DexCom has, in violation of 35 U.S.C. § 271(a), directly infringed the '366 patent, by making, using, offering to sell and selling making, using, offering to sell and selling its STS™ Continuous Glucose Monitoring System in the United States.

45. DexCom has, in violation of 35 U.S.C. § 271(b), actively and knowingly induced and is actively and knowingly inducing the direct infringement of the '366 patent by intentionally aiding and betting third parties' use, offer for sale and/or sale of the invention of the '366 patent through its advertising, marketing, sales, distribution, and dissemination of information concerning DexCom's STS™ Continuous Glucose Monitoring System.

46. Upon information and belief, DexCom had and has actual knowledge of the '366 patent, and DexCom has infringed and is infringing this patent with knowledge of Abbott's rights and without a reasonable basis for believing that DexCom's conduct is lawful.

47. Upon information and belief, DexCom's actions have been willful and deliberate.

## COUNT VII

### Patent Infringement - The '855 Patent

48. Abbott re-alleges and incorporates herein the allegations of paragraphs 1 through 17.

49. DexCom has, in violation of 35 U.S.C. § 271(a), directly infringed the '855 patent, by making, using, offering to sell and selling its STS™ Continuous Glucose Monitoring System.

50. DexCom has, in violation of 35 U.S.C. § 271(b), actively and knowingly induced and is actively and knowingly inducing the direct infringement of the '855 patent by intentionally aiding and betting third parties' use, offer for sale and/or sale of the invention of the

'855 patent through its advertising, marketing, sales, distribution, and dissemination of information concerning DexCom's STS™ Continuous Glucose Monitoring System.

51. Upon information and belief, DexCom had and has actual knowledge of the '855 patent, and DexCom has infringed and is infringing this patent with knowledge of Abbott's rights and without a reasonable basis for believing that DexCom's conduct is lawful.

52. Upon information and belief, DexCom's actions have been willful and deliberate.

WHEREFORE, Abbott prays that the Court grant the following relief against DexCom and in favor of Abbott:

- A. Judgment that DexCom's product infringes one or more claims of the Abbott patents, directly and by way of inducing infringement;
- B. An award of damages and an accounting for DexCom's infringement of the Abbott patents, together with interest (both pre- and post-judgment), costs and disbursements as fixed by this Court under 35 U.S.C. § 284;
- C. Judgment that DexCom's infringement has been willful and an award of treble damages;
- D. Judgment that the case is exceptional and an award of reasonable attorneys' fees under 35 U.S.C. § 285;
- E. Injunctive relief against Dexcom's infringement of the Abbott patents; and
- F. Such other relief as the Court determines to be just and proper.

                                      MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                      */s/ Mary B. Graham*

                                      Mary B. Graham (#2256)
                                      James W. Parrett, Jr. (#4292)
                                      1201 North Market Street
                                      P.O. Box 1347
                                      Wilmington, DE  19899
                                      302.658.9200

                                      *Attorneys for Plaintiff*
                                      *Abbott Diabetes Care, Inc.*

OF COUNSEL:

James F. Hurst
Stephanie S. McCallum
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL  60601
312.558.5600

Dated:  June 27, 2006
526495

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2006, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to the following:

>John W. Shaw
>YOUNG CONAWAY STARGATT & TAYLOR LLP
>1000 West Street, 17th Floor
>P.O. Box 391
>Wilmington, DE  19899-0391

Additionally, I hereby certify that true and correct copies of the foregoing were caused to be served on June 27, 2006 upon the following individuals in the manner indicated:

| **BY HAND** | **BY FEDERAL EXPRESS** |
|---|---|
| John W. Shaw | David C. Doyle |
| YOUNG CONAWAY STARGATT & TAYLOR LLP | MORRISON & FOERSTER LLP |
| 1000 West Street, 17th Floor | 3811 Valley Centre Drive |
| P.O. Box 391 | Suite 500 |
| Wilmington, DE  19899-0391 | San Diego, CA  92130-2332 |

*/s/ Mary B. Graham*

Mary B. Graham (#2256)

484376