# Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Mary B. Graham
302.351.9199
mgraham@mnat.com

July 26, 2007

**VIA E-FILING**

The Honorable Gregory M. Sleet
United States District Court
844 N. King Street
Wilmington, DE 19801

> Re:  *Abbott Diabetes Care, Inc. v. DexCom, Inc.*
>  C.A. Nos. 05-590 (GMS) and 06-514 (GMS)

Dear Judge Sleet:

I write on behalf of Abbott to advise the Court of recent events in the above referenced cases in which Abbott has sued DexCom for infringement of Abbott's patents on cutting-edge technology for glucose monitoring. The Court has stayed Case No. 05-590 pending reexamination of the four patents in suit. In Case No. 06-514, the Court has under advisement DexCom's motion to strike or stay the case pending reexamination of the patents in suit (D.I. 5).

Recent developments in the reexamination process bear on the Court's consideration of whether to grant DexCom a stay of Case No. 06-514.[1] Although DexCom objected in its briefing to the characterization that it had embarked on a pattern of delay to stretch out the litigation process in order to avoid a disposition on the merits, DexCom has since been filing second requests for reexamination soon after the Patent Office has rendered first office actions in the PTO proceedings. Thus far, the PTO has provided Abbott with substantive office actions for four of the seven patents in reexamination proceedings. For half of these office actions, DexCom recently filed a **second** request for reexamination, effectively restarting the clock on the Patent Office's review period. Although second requests for reexamination are permitted, they are absolutely improper if their purpose is to harass the patent owner. The prior art cited in these second reexaminations was available well before DexCom filed its first requests approximately a year ago. As a result, the prospect is raised that DexCom held back this prior art

---

[1]    Ultimately, these facts may also bear on whether it is appropriate to continue the stay of the 05-590 action.

The Honorable Gregory M. Sleet
July 26, 2007
Page 2

from the original reexamination requests so that it could file second reexamination requests at a later date and thereby further prolong the reexamination process and, consequently, the stay of the litigation.  Such an abuse of the reexamination process is improper.

        Accordingly, granting DexCom's motion for a stay would reward its anti-competitive behavior and encourage still further, piecemeal reexamination requests as the earlier ones proceed to conclusion.  Because tactical disadvantage to Abbott is one of the factors that this Court should consider when granting a stay, Abbott submits that DexCom's actions demonstrate that the stay should be denied.  In addition, rewarding DexCom's prolongation of the reexamination process with a stay of the litigation will encourage other defendants in this district similarly to use belated, piecemeal reexamination requests to halt, likely for several years, all proceedings in litigation. Thus, Abbott asks that the Court consider DexCom's recent actions when considering DexCom's motion for a stay and that it deny DexCom's motion.

        Respectfully,

        */s/ Mary B. Graham*

        Mary B. Graham (#2256)

MBG/dam
cc:    Dr. Peter T. Dalleo, Clerk (via hand delivery and e-filing)
        Josy W. Ingersoll, Esquire (via hand delivery and e-filing)
        David C. Doyle, Esquire (via email)
        James F. Hurst, Esquire (via email)
991716