## YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T. CASTLE
SHELDON N. SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C. MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M. WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K. GROSSMAN
EUGENE A. DIPRINZIO
JAMES L. PATTON, JR.
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J. SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W. BOWSER
LARRY J. TARABICOS
RICHARD A. DILIBERTO, JR.
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J.A. POPPER
TERESA A. CHEEK
NEILLI MULLEN WALSH

JANET Z. CHARLTON
ROBERT S. BRADY
JOEL A. WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D. GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C. BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR.
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D. LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J. PASCHETTO
NORMAN M. POWELL
ELENA C. NORMAN

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

GEORGETOWN, DELAWARE
MIDDLETOWN, DELAWARE
NEW YORK, NEW YORK

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-6681
DIRECT FAX: (302) 576-3333
msharp@ycst.com

JOSEPH M. BARRY
SEAN M. BEACH
SANJAY BHATNAGAR
DONALD J. BOWMAN, JR.
MICHELE SHERRETTA BUDICAK
JEFFREY T. CASTELLANO
KARA HAMMOND COYLE
KRISTEN SALVATORE DEPALMA
MARGARET M. DIBIANCA
MARY F. DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S. FREDERICKS
JAMES J. GALLAGHER
SEAN T. GREECHER
STEPHANIE L. HANSEN
DAWN M. JONES
KAREN E. KELLER
JENNIFER M. KINKUS
EDWARD J. KOSMOWSKI
JOHN C. KUFFEL
KAREN LANTZ
TIMOTHY E. LENGKEEK

SPECIAL COUNSEL
JOHN D. MCLAUGHLIN, JR.
KAREN L. PASCALE
PATRICIA A. WIDDOSS

ANDREW A. LUNDGREN
MATTHEW B. LUNN
JOSEPH A. MALFITANO
ADRIA B. MARTINELLI
MICHAEL W. MCDERMOTT
TAMMY L. MERCER
MARIBETH L. MINELLA
EDMON L. MORTON
D. FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W. POFF
SETH J. REIDENBERG
SARA BETH A. REYBURN
CHERYL A. SANTANIELLO
   (NJ & PA ONLY)
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C. STOVER
JOHN E. TRACEY
TRAVIS N. TURNER
MARGARET B. WHITEMAN
SHARON M. ZIEG

SENIOR COUNSEL
CURTIS J. CROWTHER

OF COUNSEL
BRUCE M. STARGATT
STUART B. YOUNG
EDWARD B. MAXWELL, 2ND

August 1, 2007

**BY E-FILING**

The Honorable Gregory M. Sleet
United States District Court
844 North King Street
Wilmington, DE 19801

      Re:    Abbott Diabetes Care, Inc. v. DexCom, Inc.
              C.A. No. 05-590-GMS

Dear Judge Sleet:

      I write in response to Ms. Graham's letter dated July 26, 2007 (D.I. 75), which essentially seeks belated reconsideration of the Court's August 17, 2006 Order, based on an incomplete description of the ongoing reexamination of the patents-in-suit. Abbott complains that DexCom has engaged in "improper" "anti-competitive behavior" because it has filed second requests for reexamination for two of the seven patents-in-suit. Abbott neglected to inform the Court that in those two patents alone, Abbott has added or amended 80 claims since the initiation of the reexamination proceedings. DexCom's new prior art references and reexaminations are directed to these new and amended claims. Abbott's complaint that DexCom knew about the new prior art when filing its first reexamination requests is nonsensical. Abbott has changed its claims, making its patent scope a moving target. Additional prior art has become relevant as Abbott has shifted its claim scope.

      Second requests for reexamination are specifically encouraged by the PTO at this stage of the reexamination process. Abbott would apparently prefer that DexCom challenge Abbott's new claims only after the first reexaminations are complete. But that approach, according to the PTO, would "be a waste of resources" and go directly against the PTO's guidance on this issue:

YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Gregory M. Sleet
August 1, 2007
Page 2

> The second or subsequent request for reexamination may raise a substantial new question of patentability with respect to any new or amended claim which has been proposed under 37 C.F.R. § 1.530(d) in the first (or prior) pending reexamination proceeding. The substantial new question may be directed to any proposed new or amended claim in the pending reexamination, to permit examination of the entire patent package. <u>It would be a waste of resources to prevent addressing the proposed new or amended claims, by requiring parties to wait until the certificate issues for the proposed new or amended claims, and only then to file a new reexamination request challenging the claims as revised via the certificate.</u> This also prevents a patent owner from simply amending all the claims in some nominal fashion to preclude a subsequent reexamination request during the pendency of the reexamination proceeding.

(Manual of Patent Examining Procedure § 2240.II (8th ed., Rev.5, Aug. 2006) (emphasis added).)

As the Court anticipated, the stay of the case pending the reexaminations has already avoided the waste of countless hours litigating over now abandoned or rewritten patent claims. All seven patents-in-suit that are currently undergoing reexamination were first part of C.A. No. 05-590. Abbott argued to this Court that DexCom's reexamination requests were "insubstantial on their face" and based on "garden-variety obviousness arguments." (D.I. 32 at 20.) Abbott later called DexCom's requests for reexamination "meritless" and based on "frivolous arguments that, in the end, will result in little or no change to the patents." (D.I. 9 in C.A. No. 06-514.) Abbott has been proven wrong on all points. The PTO ordered reexamination of all seven patents. To date, the PTO has issued first office actions in four of the seven reexamination proceedings. In each case, the PTO rejected all the claims on which DexCom requested reexamination. So far, Abbott has responded to the office actions in two reexamination proceedings, making substantial claim amendments in each case. In one reexamination, Abbott cancelled 5 claims, amended 10 claims, and added 25 new claims. In another reexamination, Abbott amended 3 claims and added 42 new claims. The PTO has not issued a reexamination certificate in any of the seven reexaminations.

The Court granted DexCom's motion to stay because the reexamination process will benefit both parties and the court:

> Contrary to Abbott's position, the court finds that granting the stay will simplify the issues and focus the litigation. For example, if the PTO determines that some or all of the claims of the four patents undergoing reexamination are invalid, then many of the issues in the litigation will become moot. Additionally, it is beyond dispute that the court, as well as the parties, would benefit from a

YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Honorable Gregory M. Sleet
August 1, 2007
Page 3

> narrowing of the variety of complex issues relating to the
> numerous claims at issue, which, if clearly defined, would
> streamline the discovery process and the remainder of the
> litigation. A stay, therefore, will conserve the resources of the
> parties and the court, thereby promoting efficiency.

(D.I. 72 at 11-12.) The Court's decision to stay the case has proven to be wise in light of the many claim changes and cancellations that have already taken place. More amendments, cancellations, and rejections are expected as the reexaminations continue.

No motions are currently pending in C.A. No. 05-590. The Court's August 17, 2007 Order in that case dismissed one count of that case, stayed the rest of the case pending reexamination, and struck Abbott's amended complaint for failure to seek leave of court when filing it. (D.I. 72.) As described in more detail by the parties in D.I.'s 5-6 and 9-11 in C.A. No. 06-514, Abbott tried to circumvent the Court's August 17, 2007 stay order by splitting off three of the seven patents in C.A. No. 05-590 and filing a new lawsuit against DexCom later the same day, C.A. No. 06-514. DexCom's motion asks the Court to do one of three things: (1) strike the new lawsuit as redundant of the claims that could have been properly added to C.A. 05-590; (2) consolidate Case Nos. 05-590 and 06-514; or (3) stay C.A. No. 06-514 for the exact reasons the Court wisely stayed C.A. 05-590. If Abbott has any viable claims left when the reexamination process is complete, the court and the parties can embark on a focused, certain litigation. Because the parties and court are achieving all of the statutorily intended benefits that reexamination affords, DexCom respectfully requests that the Court deny Abbott's letter request to prematurely restart this litigation while the reexamination remains ongoing.

Respectfully submitted,

*/s/ Melanie K. Sharp*
Melanie K. Sharp (No. 2501)

MKS:mg

cc:   Mary B. Graham, Esquire (via Hand Delivery and E-Filing)
      David C. Doyle, Esquire (via e-mail)
      James F. Hurst, Esquire (via e-mail)
      Dr. Peter T. Dalleo, Clerk (via Hand Delivery and E-Filing)