IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ABBOTT DIABETES CARE INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 05-590 (GMS) |
| v. | ) | |
| | ) | CONSOLIDATED WITH |
| DEXCOM, INC., | ) | C.A. No. 06-514 (GMS) |
| | ) | |
| Defendant. | ) | |

**OPENING BRIEF IN SUPPORT OF
ABBOTT DIABETES CARE INC.'S MOTION TO LIFT STAY**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Mary B. Graham (#2256)
Jeremy A. Tigan (#5239)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
mgraham@mnat.com
jtigan@mnat.com
    *Attorneys for Abbott Diabetes Care Inc.*

OF COUNSEL:

Guy Ruttenberg
RUTTENBERG IP LAW, PC
1801 Century Park East
Suite 2400
Los Angeles, CA 90067
(310) 556-9651

December 31, 2013

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................ ii

INTRODUCTION ....................................................................................................... 1

STATEMENT OF FACTS ........................................................................................... 1

      A.     The Pre-Stay Proceedings ............................................................. 1

      B.     The Reexamination Proceedings .................................................... 3

LEGAL STANDARD .................................................................................................. 10

ARGUMENT .............................................................................................................. 10

    I.     THE STAY SHOULD BE LIFTED BECAUSE ALL OF THE
           REEXAMINATIONS GIVING RISE TO THE STAY HAVE
           BEEN CONCLUDED. ........................................................................ 11

    II.    DEXCOM'S TACTICAL FILINGS OF SERIAL
           REEXAMINATION REQUESTS SHOULD NOT PRECLUDE
           THE COURT FROM LIFTING THE STAY. ...................................... 11

    III.   THE STAY SHOULD BE LIFTED BECAUSE THE FAILURE
           TO DO SO UNFAIRLY PREJUDICES ABBOTT .............................. 14

    IV.   AT A MINIMUM, THE STAY SHOULD BE LIFTED WITH
           RESPECT TO THE PATENTS OUT OF REEXAMINATION. ........... 15

CONCLUSION ........................................................................................................... 17

# TABLE OF AUTHORITIES

Page(s)

CASES

*A.C. Aukerman Co. v. R.L. Chaides Const. Co.*,
   960 F.2d 1020 (Fed. Cir. 1992).............................................................................15

*Air Vent, Inc. v. Owens Corning Corp.*,
   No. 02:10-cv-01699, 2013 WL 1102811 (W.D. Pa. March 15, 2013) .......................10, 11, 15

*Boston Scientific Corp. v. Cordis Corp.*,
   777 F. Supp. 2d 783 (D. Del. 2011).......................................................................10

*Cherokee Nation of Okla. v. U.S.*,
   124 F.3d 1413 (Fed. Cir. 1997)..............................................................................14

*Fifth Mkt., Inc. v. CME Grp., Inc.*,
   C.A. 08-520-GMS, 2013 WL 306346 (D. Del. June 19, 2013)............................10, 12, 13, 15

*Gould v. Control Laser Corp.*,
   705 F.2d 1340 (Fed. Cir. 1983)..............................................................................14

*Landis v. North Am. Co.*,
   299 U.S. 248 (1936)...............................................................................................14

*New Jersey Physicians, Inc. v. President of U.S.*,
   653 F.3d 234 (3d Cir. 2011)...................................................................................16

*Pegasus Dev. Corp., et al. v. DirecTV, Inc., et al.*
   No. 00-1020 (D. Del. Jul. 28, 2011) .......................................................................12

*SoftView LLC v. Apple Inc.*,
   No. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012)............................10, 15

*Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*,
   524 F.3d 1229 (11th Cir. 2008) .............................................................................16

*Wedgeworth v. Fibreboard Corp.*,
   706 F.2d 541 (5th Cir. 1983) .................................................................................14

OTHER AUTHORITIES

Bindra, et al., *Design and In Vitro Studies of a Needle-Type Glucose Sensor for
   Subcutaneous Monitoring* ........................................................................................8

Moatti-Sirat, et al., *Towards Continuous Glucose Monitoring: In Vivo Evaluation of a Miniaturized Glucose Sensor Implanted for Several Days in Rat Subcutaneous Tissue*...........8

Wilkins & Atanasov, *Integrated Implantable Device for Long-Term Glucose Monitoring*............7

## RULES AND STATUTES

35 U.S.C. § 102...........................................................................................................................7

35 U.S.C. § 103...........................................................................................................................7

## INTRODUCTION

This is the opening brief of Plaintiff, Abbott Diabetes Care Inc. ("Abbott") in support of its motion to lift the stay entered in this case on August 16, 2006 (D.I. 72) (stay extended to C.A. No. 06-514 on September 30, 2007, D.I. 14) and to set a Rule 16 conference. This case has been stayed for over seven years, and the Reexaminations giving rise to the stay have now concluded with respect to all seven patents-in-suit. Defendant Dexcom, Inc. ("Dexcom") has filed serial Reexamination requests to try to keep this matter stayed indefinitely. Each of the patents-in-suit has been subject to at least three Reexamination requests (for a total of twenty-nine Reexamination requests). Of those, there are still three lingering Reexaminations, but those were filed two years after this Court stayed the litigation based upon art and arguments long known to Dexcom. Those new Reexaminations should not keep the case stayed. The stay entered by the Court has achieved its intended objectives of narrowing and simplifying the issues. Allowing the stay to continue for an indefinite period of time would severely prejudice Abbott.

## STATEMENT OF FACTS

### A.      The Pre-Stay Proceedings

On August 11, 2005, Abbott filed suit against Dexcom asserting claims for infringement of four U.S. patents: 6,175,752 (the "'752 patent"), 6,284,478 (the "'478 patent"), 6,329,161 (the "'161 patent") and 6,565,509 (the "'509 patent"). (C.A. No. 05-590, D.I. 1). These patents cover medical devices, systems and methods for monitoring glucose levels in humans. (*Id.* ¶ 7). The '752 and '509 patents relate to the glucose monitoring devices and their methods of use, whereas the '478 and '161 patents concern the subcutaneous glucose sensors. (C.A. No. 05-590, D.I. 72 at 2 n.1). The '509 patent is a continuation of the '752 patent, and the '161 patent is a continuation of the '478 patent.

A few months later, Dexcom filed Requests for Reexamination at the United States

Patent and Trademark Office ("PTO") for each of the four patents. (02/01/2006, 90/007,910,

*Receipt of Orig. Ex Parte Request by Third Party*; 02/01/2006, 90/007,913, *Receipt of Orig. Ex*

*Parte Request by Third Party*; 02/01/2006, 90/007,914, *Receipt of Orig. Ex Parte Request by*

*Third Party*; 01/25/2006, 90/007,903, *Receipt of Orig. Ex Parte Request by Third Party*). Shortly

thereafter, on February 22, 2006, Dexcom moved to stay the litigation "pending conclusion of

Reexamination of the four asserted patents." (C.A. No. 05-590, D.I. 25). On August 16, 2006,

this Court granted that motion and stayed the litigation pending Reexamination. (C.A. No. 05-

590, D.I. 72 at 1).

On August 17, 2006, Abbott instituted a second action, asserting against Dexcom claims

for infringement of three additional U.S. patents: 6,990,366 (the "'366 patent"), 6,134,461 (the

"'461 patent"), and 5,899,855 (the "'855 patent"). (C.A. No. 06-514, D.I. 1). The '366 patent

relates to the glucose monitoring system and its methods, the '461 patent relates to an

electrochemical sensor, and the '855 patent covers a health monitoring system. The '366 patent

is also a continuation of the '752 patent asserted in the first action.

Around the same time that Abbott instituted the second action, Dexcom requested

Reexamination of the three additional patents asserted therein. (01/08/2007, 90/008,172,

*Preprocessing Terminated – Ex Parte Reexam Request – No Filing Date Accorded*; 08/16/2006,

90/008,173, *Receipt of Orig. Ex Parte Request by Third Party*; 11/14/2006, 90/008,234, *Notice*

*of Reexamination Request Filing Date*). On September 7, 2006, Dexcom filed a motion to strike

the new complaint or, alternatively, to consolidate the two cases, and again requested that this

Court stay the litigation pending Reexamination of all the patents-in-suit. (C.A. No. 06-514,

D.I. 5). In its order on September 30, 2007, this Court denied Dexcom's motion to strike and,

instead, consolidated the two actions. (C.A. No. 06-514, D.I. 14 at 1). The Court also granted

Dexcom's motion, in effect, to continue the earlier-granted stay as to the "consolidated

proceeding until the [PTO] ha[d] completed the Reexamination of the seven patents-in-suit."

(*Id.*).

> ### B.    The Reexamination Proceedings

Over the past seven years, Dexcom has submitted twenty-nine separate requests for

Reexamination with respect to the seven patents-in-suit. The status of the Reexaminations for

each patent is detailed below with a summary chart following this detailed discussion.

The '752 Patent

The '752 patent survived three requests for Reexamination initiated by Dexcom. On

February 1, 2006, Dexcom filed its first request for Reexamination. (02/03/2006, 90/007,910,

*Notice of Reexamination Request Filing Date*). Recently, on September 18, 2013, the PTO issued

a Reexamination certificate finally concluding that first Reexamination. (Ex. 17).

Dexcom also filed two other requests for Reexamination of the '752 patent while the first

Reexamination was still pending. Namely, Dexcom filed a second request for Reexamination on

September 8, 2008, and that request was denied outright. (09/18/2008, 90/009,270, *Notice of*

*Reexamination Request Filing Date*; 12/01/2008, 90/009,270, *Determination – Reexam Denied*).

Dexcom also filed a third request for Reexamination of the '752 patent on June 17, 2009.

(06/24/2009, 90/009,497, *Notice of Reexamination Request Filing Date*). The PTO issued a

Reexamination certificate concluding the third Reexamination on December 14, 2010. (Ex. 11).

The '478 Patent

Dexcom filed three requests for Reexamination of the '478 patent. The patent survived all

three requests. On February 1, 2006, Dexcom filed its first request for Reexamination of the '478

patent. (02/06/2006, 90/007,913, *Notice of Reexamination Request Filing Date*). While the first

request was still pending, Dexcom filed a second request for Reexamination on May 25, 2007.

(06/29/2007, 90/008,665, *Notice of Reexamination Request Filing Date*). On September 3, 2009,

Dexcom filed a third request for Reexamination. (10/05/2009, 90/009,472, *Notice of

Reexamination Request Filing Date*). The PTO issued a Reexamination certificate concluding the

first and second Reexaminations on September 29, 2009. (Ex. 6). The PTO issued a

Reexamination certificate concluding the third Reexamination on May 13, 2013. (Ex. 16).

The '509 Patent

The '509 patent has similarly survived three requests for Reexamination by Dexcom. On

January 25, 2006, Dexcom filed its first request for Reexamination. (02/06/2006, 90/007,903,

*Notice of Reexamination Request Filing Date*). While the first request was still pending, Dexcom

filed a second request for Reexamination on September 17, 2008, which was denied.

(09/26/2008, 90/009,279, *Notice of Reexamination Request Filing Date*; 12/01/2008, 90/009,279,

*Determination – Reexam Denied*). On February 10, 2009, Dexcom filed a third request for

Reexamination. (02/20/2009, 90/009,390, *Notice of Reexamination Request Filing Date*). The

PTO issued a Reexamination certificate concluding the third Reexamination on July 5, 2011.

(Ex. 13). On November 19, 2013, the PTO finally issued a Reexamination certificate ending the

first Reexamination initiated by Dexcom. (Ex. 18).

The '366 Patent

The '366 patent has survived ***seven*** Reexamination requests filed by Dexcom. Dexcom

filed its first request for Reexamination of the '366 patent on August 16, 2006. (01/08/2007,

90/008,172, *Preprocessing Terminated – Ex Parte Reexam Request – No Filing Date Accorded*).

That request was terminated by the PTO for filing deficiencies. (*Id.*). A few weeks later, on

- 4 -

January 23, 2007, Dexcom filed a second request for Reexamination. (02/05/2007, 90/008,457, *Notice of Reexamination Request Filing Date*). On April 8, 2008, Dexcom filed its third request for Reexamination. (04/08/2008, 90/009,104, *Bibliographic Data Sheet*). Three months later, on July 8, 2008, the PTO issued a Reexamination certificate concluding the second Reexamination requested by Dexcom. (Ex. 4). On November 10, 2008, December 22, 2009 and June 3, 2011, Dexcom filed its fourth, fifth and sixth requests for Reexamination, respectively. (11/20/2008, 90/009,328, *Notice of Reexamination Request Filing Date*; 12/24/2009, 90/010,791, *Notice of Reexamination Request Filing Date*; 6/14/2011, 90/011,730, *Notice of Reexamination Request Filing Date*). On March 2, 2010, the PTO issued a Reexamination certificate concluding the third and fourth Reexaminations. (Ex. 8). The PTO issued a Reexamination certificate concluding the fifth and sixth requests for Reexamination on May 17, 2011 and June 19, 2012, respectively. (Exs. 12, 14). On September 6, 2012, Dexcom filed a final request for Reexamination—this time seeking *Inter Partes* Reexamination—which was denied outright. (09/13/2012, 95/002,113, *Notice of Reexamination Request Filing Date*; 11/13/2012, 95/002,113, *Determination – Reexam Denied*; 02/04/2013, 95/002,113, *Reexam Petition Decision – Denied*).

<u>The '855 Patent</u>

The '855 patent has survived five Reexamination requests filed by Dexcom. On October 31, 2006, Dexcom filed its first request for Reexamination. (11/14/2006, 90/008,234, *Notice of Reexamination Request Filing Date*). Dexcom followed up with its second and third Reexamination requests on December 11, 2007 and December 4, 2008, respectively. (12/28/2007, 90/008,909, *Notice of Reexamination Request Filing Date;* 12/11/2008, 90/009,352, *Notice of Reexamination Request Filing Date*). The PTO issued a Reexamination certificate concluding the first and second Reexaminations on January 27, 2009, and a

- 5 -

Reexamination certificate concluding the third Reexamination on December 7, 2010. (Exs. 5, 10). Undaunted, Dexcom filed a fourth request for Reexamination on February 4, 2011, which was denied. (02/23/2011, 90/011,476, *Notice of Reexamination Request Filing Date*; 03/07/2011, 90/011,476, *Determination – Reexam Denied*; 05/04/2011, 90/011,476, *Reexamination Terminated*). On August 3, 2011, Dexcom filed its fifth request. (08/12/2011, 90/011,835, *Notice of Reexamination Request Filing Date*). On November 5, 2012, the PTO issued a Reexamination certificate concluding the fifth Reexamination of the '855 patent. (Ex. 15).

<u>The '461 Patent</u>

The '461 patent has survived two requests for Reexamination filed by Dexcom. Namely, Dexcom filed its first request for Reexamination with respect to the '461 patent on August 16, 2006. (8/29/2006, 90/008,173, *Notice of Reexamination Request Filing Date*). While that first Reexamination was still pending, Dexcom filed a second request for Reexamination on November 16, 2007. (12/18/2007, 90/008,928, *Notice of Reexamination Request Filing Date*). On June 29, 2010, the PTO issued a Reexamination certificate concluding the first and second Reexaminations. (Ex. 9).

Three and a half years after Abbott asserted the '461 patent—and two and a half years after the Court stayed that action—on January 27, 2010, Dexcom filed a third request for Reexamination of the '461 patent. (02/17/2010, 90/010,835, *Notice of Reexamination Request Filing Date*). Five months later (on June 18, 2010), Dexcom filed its fourth request for Reexamination of the '461 patent. (06/28/2010, 90/009,763, *Notice of Reexamination Request Filing Date*). These two requests were consolidated into one proceeding that is pending.

In the pending Reexamination, the Examiner's final rejection relies strictly on § 103 obviousness grounds. (06/20/2012, 90/009,763, *Reexam – Final Rejection* at 3-4). (There is no

- 6 -

rejection based upon anticipation under 35 U.S.C. § 102.). Moreover, in rejecting the claims, the Examiner combined a minimum of three references, and up to five references, for each of the rejected claims. (*Id.* at 4-13). Abbott appealed those rejections to the Board of Patent Interferences and Appeals. All briefing is complete and the Board heard oral argument on September 4, 2013. The Board's decision is expected any day.

Notably, the primary art relied upon in the consolidated third/fourth Reexamination was well known to Dexcom when it filed its earlier requests for Reexamination. Namely, the primary reference relied upon for the obviousness rejection is Wilkins & Atanasov, *Integrated Implantable Device for Long-Term Glucose Monitoring*, 10 Biosensors & Bioelectronics 485-94 (1995) ("Wilkins"). (*Id.* at 4). Dexcom was aware of the Wilkins reference as early as April 2005, when the reference was included in an Information Disclosure Statement submitted by Dexcom in prosecution of its own application that ultimately issued as U.S. Patent No 7,226,978 in June 2007. (Ex. 2). Given that Wilkins was known to Dexcom, the reference could have been raised in one of the earlier requests for Reexamination.

<u>The '161 Patent</u>

On February 1, 2006, Dexcom filed its first request for Reexamination. (02/06/2006, 90/007,914, *Notice of Reexamination Request Filing Date*). While the first request was still pending, Dexcom filed a second request for Reexamination on July 25, 2007. (08/01/2007, 90/008,713, *Notice of Reexamination Request Filing Date*). On June 10, 2009, Dexcom filed a third request for Reexamination, which was terminated on August 7, 2009 for failure to meet filing requirements. (90/009,488, *Transaction History*). On September 29, 2009, the PTO issued a Reexamination certificate concluding the first and second Reexaminations requested by Dexcom. (Ex. 7).

Dexcom filed a fourth request for Reexamination of the '161 patent on October 27, 2009, and that Reexamination is still pending. (11/16/2009, 90/009,620, *Notice of Reexamination Request Filing Date*). Dexcom filed this fourth request for Reexamination more than four years after Abbott first asserted the '161 patent and more than three years after the Court stayed the litigation concerning the '161 patent.

The primary art relied upon in Dexcom's fourth request for Reexamination was well known to Dexcom at least as early as 2004. In the final office action of the fourth Reexamination, the Examiner rejected the claims on the basis of three primary references: (1) U.S. Patent No. 5,165,407 to Wilson, et al. (the "Wilson '407 patent"); (2) Bindra, et al., *Design and In Vitro Studies of a Needle-Type Glucose Sensor for Subcutaneous Monitoring*, 63 Analytical Chemistry 1692-96 (1991) ("Bindra"); and (3) Moatti-Sirat, et al., *Towards Continuous Glucose Monitoring: In Vivo Evaluation of a Miniaturized Glucose Sensor Implanted for Several Days in Rat Subcutaneous Tissue*, 35 Diabetologia, 224-30 (1992) ("Moatti-Sirat"). (12/29/2011, 90/009,620, *Reexam – Final Office Action*). Each of these references was known to Dexcom when it filed its earlier requests for Reexamination. The Wilson '407 patent, Bindra and Moatti-Sirat references were known to Dexcom as early as 2004, as all three references are listed as references in Dexcom's own U.S. Patent 6,702,857 issued in March 2004. (Ex. 1). Similarly, Dexcom was well aware of the Wilson '407 patent reference because Dexcom cited that reference in its first request for Reexamination of the '161 patent, which was filed in February 2006. (Ex. 3).

The final office action is presently on appeal to the Board of Patent Interferences and Appeals. The briefing with respect to the appeal is complete, and it is expected that the Board will hear the case sometime in 2014.

The following chart summarizes the status of all **29** Reexaminations initiated by Dexcom with respect to the seven patents-in-suit:

| Patent | Reexam Control No. | Reexam Filing Date | Reexam Grant Date | Status |
|---|---|---|---|---|
| **6,175,752** (Say) | 90/007,910 | Feb. 01, 2006 | Mar. 27, 2006 | **Cert. Issued Sep. 18, 2013** |
| | 90/009,270 | Sep. 08, 2008 | Denied | **Reexam Denied** |
| | 90/009,497 | Jun. 17, 2009 | Jul. 30, 2009 | **Cert. Issued Dec. 14, 2010** |
| **6,284,478** (Heller) | 90/007,913 | Feb. 01, 2006 | Feb. 24, 2006 | **Cert. Issued Sep. 29, 2009** |
| | 90/008,665 | May 25, 2007 | Jul. 31, 2007 | **Cert. Issued Sep. 29, 2009** |
| | 90/009,472 | Sep. 03, 2009 | Nov. 30, 2009 | **Cert. Issued May 13, 2013** |
| **6,565,509** (Say) | 90/007,903 | Jan. 25, 2006 | Mar. 27, 2006 | **Cert. Issued Nov. 19, 2013** |
| | 90/009,279 | Sep. 17, 2008 | Denied | **Reexam Denied** |
| | 90/009,390 | Feb. 10, 2009 | May 01, 2009 | **Cert. Issued Jul. 05, 2011** |
| **6,990,366** (Say) | 90/008,172 | Terminated | Terminated | **Reexam Terminated** |
| | 90/008,457 | Jan. 23, 2007 | Feb. 23, 2007 | **Cert. Issued Jul. 08, 2008** |
| | 90/009,104 | Apr. 08, 2008 | Jun. 05, 2008 | **Cert. Issued Mar. 02, 2010** |
| | 90/009,328 | Nov. 10, 2008 | Dec. 09, 2008 | **Cert. Issued Mar. 02, 2010** |
| | 90/010,791 | Dec. 22, 2009 | Feb. 22, 2010 | **Cert. Issued May 17, 2011** |
| | 90/011,730 | Jun. 03, 2011 | Aug. 24, 2011 | **Cert. Issued Jun. 19, 2012** |
| | 95/002,113 | Sep. 06, 2012 | Denied | **Reexam Denied** |
| **5,899,855** (Brown) | 90/008,234 | Oct. 31, 2006 | Dec. 13, 2006 | **Cert. Issued Jan. 27, 2009** |
| | 90/008,909 | Dec. 11, 2007 | Jan. 24, 2008 | **Cert. Issued Jan. 27, 2009** |
| | 90/009,352 | Dec. 04, 2008 | Feb. 06, 2009 | **Cert. Issued Dec. 07, 2010** |
| | 90/011,476 | Feb. 04, 2011 | Denied | **Reexam Denied** |
| | 90/011,835 | Aug. 03, 2011 | Sep. 06, 2011 | **Cert. Issued Nov. 05, 2012** |
| **6,134,461** (Say) | 90/008,173 | Aug. 16, 2006 | Oct. 25, 2006 | **Cert. Issued Jun. 29, 2010** |
| | 90/008,928 | Nov. 16, 2007 | Jan. 16, 2008 | **Cert. Issued Jun. 29, 2010** |
| | 90/010,835 | Jan. 27, 2010 | Mar. 12, 2010 | Pending |
| | 90/009,763 | Jun. 18, 2010 | Aug. 18, 2010 | Pending and Consolidated with Reexam 90/010,835 (above) |
| **6,329,161** (Heller) | 90/007,914 | Feb. 01, 2006 | Feb. 28, 2006 | **Cert. Issued Sep. 29, 2009** |
| | 90/008,713 | Jul. 25, 2007 | Oct. 18, 2007 | **Cert. Issued Sep. 29, 2009** |
| | 90/009,488 | Terminated | Terminated | **Reexam Terminated** |
| | 90/009,620 | Oct. 27, 2009 | Jan. 11, 2010 | Pending |

## LEGAL STANDARD

A trial court has discretion to stay proceedings pending the resolution of Reexamination proceedings. *SoftView LLC v. Apple Inc.*, No. 10-389-LPS, 2012 WL 3061027, at *2 (D. Del. July 26, 2012). The same court, however, that imposes a stay of litigation has the inherent power and discretion to lift the stay. *Air Vent, Inc. v. Owens Corning Corp.*, No. 02:10-cv-01699, 2013 WL 1102811, at *2 (W.D. Pa. March 15, 2013).

A court may lift a stay if the circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate. *Id.*; *see also Fifth Mkt., Inc. v. CME Grp., Inc.*, C.A. 08-520-GMS, 2013 WL 306346, at *1 n.1 (D. Del. June 19, 2013) ("In later determining whether to lift a stay, the court considers any new developments that might have altered the aforementioned stay calculus."). To determine whether a stay is appropriate, the court generally considers the following three factors: "(1) whether the granting of a stay would cause the non-moving party to suffer undue prejudice from any delay or allow the moving party to gain a clear tactical advantage over the non-moving party; (2) whether a stay will simplify the issues for trial; and (3) whether discovery is complete and a trial date set." *Boston Scientific Corp. v. Cordis Corp.*, 777 F. Supp. 2d 783, 788 (D. Del. 2011) (internal citations omitted). This litigation has been stayed for more than seven years, and the Reexamination requests giving rise to the stay have concluded. Lifting the stay is appropriate here.

## ARGUMENT

Abbott respectfully requests that the Court lift the stay that it imposed more than seven years ago. All of the Reexaminations giving rise to the stay have now concluded. Although three Reexaminations started by Dexcom years after the stay are still pending, those should not stand in the way of lifting the stay. Indeed, they are but three of twenty-nine separate requests for

- 10 -

Reexamination that Dexcom has filed regarding the patents-in-suit, including at least three Reexamination requests per patent. Plainly, Dexcom has engaged in a strategy designed to keep this action stayed indefinitely, which unfairly prejudices Abbott. The goals of "narrow[ing] and simplify[ing] the issues of this case via the reexamination procedure" (C.A. No. 06-514, D.I. 14 at 10) have been accomplished, and the stay has reached the point of diminishing returns. Thus, circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate. *Air Vent*, 2013 WL 1102811, at *2.

## I.   THE STAY SHOULD BE LIFTED BECAUSE ALL OF THE REEXAMINATIONS GIVING RISE TO THE STAY HAVE BEEN CONCLUDED.

Abbott submits that the stay should be lifted because the original 2006 Reexamination proceedings concerning all seven patents-in-suit have now concluded. In its September 30, 2007 Order, this Court "stay[ed] the consolidated proceeding until the [PTO] ha[d] completed the reexamination of the seven patents-in-suit." (C.A. No. 06-514, D.I. 14 at 1). As of November 19, 2013, the PTO has concluded all Reexaminations requested and/or pending at the time this Court granted the stay.[1] Accordingly, the rationale supporting the stay no longer exists.

## II.  DEXCOM'S TACTICAL FILINGS OF SERIAL REEXAMINATION REQUESTS SHOULD NOT PRECLUDE THE COURT FROM LIFTING THE STAY.

The fact that three later-filed Reexaminations remain pending does not change this conclusion. These lingering Reexaminations stem from Dexcom's strategy to keep the litigation stayed indefinitely. If the stay is not lifted, such strategic behavior would afford Dexcom an unfair advantage.

---

[1]   On November 19, 2013, the PTO finally issued a Reexamination certificate for Dexcom's first Reexamination request of the '509 patent, which was filed on January 25, 2006.

This Court recently lifted stays in two similar cases. First, in *Pegasus Dev. Corp., et al. v. DirecTV, Inc., et al.*, the Plaintiff moved to lift the stay even though there were two patents still in Reexamination. Brief in Support of Plaintiffs' Motion to Lift the Stay at 4, *Pegasus Dev. Corp., et al.*, No. 00-1020, D.I. 551. After eight years, the Plaintiff reasoned, the stay had achieved its objectives, including "the Court's intended goal of narrowing the scope of the dispute." *Id.* at 9–10. In light of the sixteen requests for Reexamination that were filed regarding seven patents-in-suit, the Plaintiff argued: the "likelihood that a third or fourth review by the PTO of the same patent is likely to change the PTO's view or assist the Court in its consideration of the issues becomes increasingly speculative and remote." *Id.* at 2 n.3, 5. "Plainly, the law of diminishing returns applies here." *Id.* at 4. The Court agreed, lifting the stay for the reasons set forth in Plaintiff's brief. *Pegasus Dev. Corp., et al. v. DirecTV, Inc., et al*. No. 00-1020 (D. Del. Jul. 28, 2011), D.I. 571.

Similarly, in *Fifth Mkt., Inc. v. CME Grp., Inc.*, the Court initially stayed the litigation pending Reexamination of the patents-in-suit. C.A. No. 08-520 GMS, 2013 WL 306346, at *1 n.1. Two years later, this Court lifted the stay, focusing on changed circumstances. In particular, the Court noted that the defendants "adopted a strategy of raising piecemeal PTO challenges to [Plaintiff's] patents in order to prolong this litigation." *Id*. This Court explained that such "delays appear to be 'impermissibly tactical,' suggesting that a continuation of the stay might result in undue prejudice." *Id.*

This case has been stayed for over seven years now, and the stay should be lifted for similar reasons. As with the defendants in *Pegasus Development* and *Fifth Market*, Dexcom has engaged in piecemeal requests for Reexamination aimed at keeping Abbott's patents tied up indefinitely. Dexcom has filed twenty-nine separate requests for Reexamination, including three

to seven separate Reexamination requests for each of the seven patents-in-suit. The initial round of Reexaminations have concluded for all seven patents, five of the seven patents are out of Reexamination altogether and the remaining two patents have already survived Reexamination twice. Moreover, the Reexaminations that are still pending were initiated by Dexcom at least 3.5 years after Abbott filed suit and at least 2.5 years after this Court stayed the case. Those eleventh-hour Reexaminations did not give rise to the stay, and they should not preclude a lifting of the stay.

A closer look at the Reexaminations also lays clear Dexcom's intent to keep this litigation stayed indefinitely. By way of example, as soon as the PTO issued its Reexamination certificate for the '161 patent on September 29, 2009, Dexcom waited less than a month to file its fourth Reexamination request on October 27, 2009. (Ex. 7; 11/16/2009, 90/009,620, *Notice of Reexamination Request Filing Date*). In some cases, Dexcom did not even wait until the PTO issued its Reexamination certificate before filing another request. Dexcom filed its third request to reexamine the '461 patent five months before the PTO issued its certificate for Dexcom's first two requests. (Ex. 9; 02/17/2010, 90/010,835, *Notice of Reexamination Request Filing Date*). And the remaining Reexaminations are primarily based upon prior art references that were long known to Dexcom but withheld in its prior Reexamination requests. In short, as in *Fifth Market*, "[t]hese delays appear to be 'impermissibly tactical.'" *Fifth Mkt., Inc.*, 2013 WL 306346, at *1 n.1. Abbott submits that the stay should be lifted.

It also bears noting that two of the three pending Reexaminations are likely to conclude soon. Namely, the pending consolidated Reexaminations of the '461 patent are presently on appeal to the Board of Patent Interferences and Appeals. The Board heard oral argument in September 2013, and a decision is expected any day. There are no claim rejections based on

anticipation. Only obvious-based arguments remain, and each of the Examiner's obviousness arguments relies on a combination of at least three separate prior art references. These consolidated Reexaminations may very well conclude before this Court rules on this motion.

## III.   THE STAY SHOULD BE LIFTED BECAUSE THE FAILURE TO DO SO UNFAIRLY PREJUDICES ABBOTT.

Circumstances have further changed because the continued stay is now resulting in undue prejudice to Abbott. In its August 16, 2006 Order, this Court held that "while Abbott may suffer some prejudice from a stay, the court is not persuaded that a stay would *unduly* prejudice Abbott, or present any clear tactical disadvantage." (C.A. No. 05-590, D.I. 72 at 11). After more than seven years of repeated Reexamination requests—including a total of twenty-nine separate requests for Reexamination of the seven asserted patents—a continued stay is unduly prejudicing Abbott.

As an initial matter, a stay that continues indefinitely is necessarily improper and prejudicial. *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed. Cir. 1983) (explaining that a stay for a "protracted or indefinite period" may render an abuse of discretion); *see also Landis v. North Am. Co.,* 299 U.S. 248, 257 (1936) ("The stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits . . . ."); *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983) (internal citations and quotations omitted) ("'[S]tay orders will be reversed when they are found to be immoderate or of an indefinite duration.'"). In *Cherokee Nation of Okla. v. U.S.,* the Federal Circuit cited the Supreme Court's ruling that "a trial court abuses its discretion by issuing a 'stay of indefinite duration in the absence of a pressing need.'" 124 F.3d 1413, 1416 (Fed. Cir. 1997) (*quoting Landis,* 299 U.S. 255). For the past seven years, Dexcom has continued to file one Reexamination request after another and will presumably continue to do so as long as the stay

remains in place. Three of the patents-in-suit have already expired, permitting only past damages. If the stay continues indefinitely, other patents will continue to expire. *Cf. Air Vent*, 2013 WL 1102811, at *2. ("Defendant's actions are calculated to deprive Plaintiff of its day in court, while its patents continue to run towards their expiration dates. . . . While the Court was hopeful that the PTO would resolve the matter quickly, the end of that procedure is not in sight.").

In addition, given the amount of time that has passed, continuing the stay is *presumptively* prejudicial. A prolonged stay exposes the Plaintiff's "suit to the various evidentiary risks associated with prolonged stays." *Fifth Mkt., Inc.*, 2013 WL 306346, at *1 n.1. "[R]esuming litigation after a protracted stay could raise issues with stale evidence, faded memories, and lost documents." *SoftView*, 2012 WL 3061027, at *4; *see also Air Vent*, 2013 WL 1102811, at *2 ("In such a lengthy delay, evidence could be lost and witnesses' memories could fade."). In the context of laches, the Federal Circuit has long recognized that a six-year delay in bringing suit gives rise to a presumption of prejudice. *A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020, 1033, 1034–35, 1037 (Fed. Cir. 1992) (citations omitted) ("Evidentiary . . . prejudice, may arise by reason of a defendant's inability to present a full and fair defense on the merits due to the loss of records, the death of a witness, or the unreliability of memories of long past events, thereby undermining the court's ability to judge the facts."). By analogy, many of the same concerns are applicable to a stay that has continued for over seven years, such as the one in this case.

## IV. AT A MINIMUM, THE STAY SHOULD BE LIFTED WITH RESPECT TO THE PATENTS OUT OF REEXAMINATION.

The stay should be lifted at the very least with respect to the patents that are no longer in Reexamination.

- The '752, '509, and '366 patents are all part of the same family and are all out of
  Reexamination. All three of these patents have been through at least three
  Reexaminations. As of November 19, 2013, all Reexaminations with respect to this
  patent family have concluded, and the stay should therefore be lifted with respect to
  the '752 patent family.[2]

- The '478 patent has survived Reexamination three times, with the latest
  Reexamination concluding on May 13, 2013. (Ex. 16). The stay should be lifted with
  respect to the '478 patent.

- The '855 patent has been out of Reexamination since November 5, 2012. (Ex. 15).
  More importantly, Abbott no longer has standing to assert the '855 patent. Abbott
  asserted the '855 patent as an exclusive licensee of the patent. (C.A. No. 06-514,
  D.I. 1 ¶ 8). As of August 2013, Abbott is no longer the exclusive licensee in the field.
  (*See* Bosch North America Press Release, <http://www.bosch-
  press.com/tbwebdb/bosch-usa/en-US/Presstext.cfm?id=569> (last visited Dec. 16,
  2013)). Therefore, the claims relating to the '855 patent should be dismissed without
  prejudice for lack of standing.  *New Jersey Physicians, Inc. v. President of U.S.*, 653
  F.3d 234 (3d Cir. 2011) (dismissal for lack of standing is "by definition without
  prejudice"). As a result, the stay should be lifted with respect to this patent as well.

---

[2]     Simultaneously with this motion, Abbott is also filing a new Complaint asserting U.S. Patent No. 8,175,673 (the "'673 patent"), which issued on May 8, 2012. As spelled out in Abbott's new Complaint, DexCom previously requested *Inter Partes* Reexamination of the '673 patent, and the PTO denied DexCom's request, finding that there is "no reasonable likelihood that [DexCom] would prevail with respect to the proposed rejections."  The '673 patent is also part of the '752 patent family.

Given that the above patents are now completely out of Reexamination, the stay should at least be lifted with respect to these patents.

## **CONCLUSION**

This Court explained that a stay was appropriate here, in part, because the case was in its early stages and the PTO had the ability "to narrow and simplify the issues of this case via the reexamination procedure." (C.A. No. 06-514, D.I. 14 at 10). The stay has served its purpose. Any further delay would unfairly prejudice Abbott and yield only marginal returns. Abbott therefore requests that the stay be lifted and that the Court set a Rule 16 conference.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Mary B. Graham*

Mary B. Graham (#2256)
Jeremy A. Tigan (#5239)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
mgraham@mnat.com
jtigan@mnat.com
    *Attorneys for Abbott Diabetes Care Inc.*

OF COUNSEL:

Guy Ruttenberg
RUTTENBERG IP LAW, PC
1801 Century Park East
Suite 2400
Los Angeles, CA 90067
(310) 556-9651

December 31, 2013
7853786

- 17 -